HENRY H. ANDERSON and another *vs.* SAMUEL PETERSON.

May 12, 1887.

United States Homestead—Patent to "Minor Heirs."—Upon a homestead entry in this state, under the law of the United States, the father and mother dying, leaving children under 21 years of age, a patent subsequently issued by the land-office, granting the land so entered to "the minor heirs" of the father, passes the title to the persons described in Rev. St. U. S. § 2292, to wit, the children under 21 years of age, though by the law of this state some of them were not minors.

Action for partition, brought in the district court for Nobles county. Both parties derive title from the three children and heirs-at-law of

Hamilton McCollom, deceased, defendant claiming one-half, under a deed made June 8, 1883, by Henry, one of the children, and the plaintiffs claiming two-thirds, under deeds made in December, 1883, by Hannah M. and Hamilton, the other two children. The action was tried by *Perkins*, J., who found that plaintiffs were owners of two-thirds, and defendant of one-third, and ordered a partition. Judgment was entered accordingly, and the defendant appealed.

*Daniel Rohrer*, for appellant.

*L. M. Lange*, for respondents.

GILFILLAN, C. J. August 18, 1871, Hamilton McCollom made a homestead entry under the law of the United States on land situated in this state. He died March 10, 1876, leaving no widow, and leaving children under 21 years of age,—Hannah M., aged 19 years and 9 months; Hamilton, aged 18 years; and Henry, aged 14 years.

August 23, 1876, the administrator of the deceased made final proof upon the entry, and the usual final receiver's certificate was thereupon issued. At the time of making final proof, he filed in the land-office an affidavit stating that McCollom left no widow, and left two children, minors, and heirs-at-law. The final certificate stated that the administrator had made full payment for the minor heirs of Hamilton McCollom, and that, on presentation of the certificate to the commissioner of the general land-office, "the said minor heirs of Hamilton McCollom, deceased, shall be entitled to a patent." A patent issued December 1, 1876, reciting that "there has been deposited in the general land-office of the United States a certificate of the register of the land-office at Worthington, Minnesota, whereby it appears that the claim of the minor heirs of Hamilton McCollom, deceased, by Lucian B. Bennett, administrator, has been established and duly consummated in accordance with law," and proceeds: "That there is therefore granted by the United States unto the said minor heirs of Hamilton McCollom, deceased, the tract of land above described."

The question raised on this patent is, did the above-named three children take title, or did only Hamilton and Henry take, excluding Hannah? Who were the minor heirs, within the meaning of the patent? The defendant contends that this must be determined according to the

law of this state defining "minority," and that, as by that law Hannah was no longer a minor, she being then more than 18 years of age, she does not come within the description of the grantees in the patent. The land-office did not assume to determine what particular individuals were entitled to the right secured to the deceased, and so did not name any particular persons as grantees in the patent, but designated the grantees by a description. Was the law of Minnesota, or the law of the United States, in mind when that description was inserted? Undoubtedly the latter, for the officers of the department were acting under it, and must be supposed to have intended to carry out its provisions. Sections 2289–2291, Rev. St. U. S., give the right to enter a homestead, and prescribe how it shall be secured, and when the right shall become perfect. Section 2292 has this provision : "In case of the death of both father and mother, leaving an infant child or children under twenty-one years of age, the right and fee shall inure to the benefit of such infant child or children."

At the common law, children of both sexes under 21 were infants or minors, and they were so by the law of Minnesota when section 2292 was passed. As there were persons. exclusively entitled under section 2292, it must be presumed that, in issuing the patent, the land-office intended to grant to such persons. It is true the description selected to designate them might be regarded as inaccurate, but, reading the patent with the section, there can be no doubt as to what class of persons was intended; that the persons described in the section, to wit, the children under 21 years of age, were intended.

Section 2292 contains also this clause, immediately following what we have quoted: "And the executor, administrator, or guardian may, at any time within two years after the death of the surviving parent, and in accordance with the laws of the state in which such children, for the time being, have their domicile, sell the land for the benefit of such infants, but for no other purpose; and the purchaser shall acquire the absolute title by the purchase, and be entitled to a patent from the United States on the payment of the office fees and sum of money above specified."

It is suggested, upon this, that the only benefit the infant children can get under the section is through a sale by the executor, adminis-

trator, or guardian. The clause, however, does not limit the preceding one. It is in addition to it. It is an enabling clause by which the executor, administrator, or guardian may (as against the United States) sell the children's right, as, according to the law of their domicile, he may sell other of their property. The right inures to the children at once, upon the death of the parents, but it may be divested in the manner stated. If there is no such sale, their right becomes perfect, and they will become entitled to a patent.

Judgment affirmed.