## CHRISTINE VLASAK v. FRANK VLASAK.[1]

January 20, 1939.

No. 32,041.

*Snyder, Gale & Richards,* for appellant.
*George T. Havel* and *Edwin C. Kraus,* for respondent.

STONE, JUSTICE.

In this action by daughter against father, the former had judgment for damages resulting from personal injuries, sustained, so the jury found, because of defendant's negligence. For defendant it is urged that plaintiff at the time of the accident was an unemancipated minor and in consequence without right to sue her father for his personal tort. So far as the question of emancipation depends upon facts, we have no present concern with it.

At the time of the accident, December 31, 1936, plaintiff was 20 years and 4 days of age. Under the then law she was not a minor.

At common law children of both sexes under 21 years were in-

[1]Reported in 283 N. W. 489.

fants or minors. Anderson v. Peterson, 36 Minn. 547, 32 N. W. 861, 1 A. S. R. 698. That was changed for Minnesota by G. S. 1866, c. 59, § 2, declaring that:

"Males of the age of twenty-one years and females of the age of eighteen years shall be considered of full age for all purposes; before those ages they shall be considered minors."

So our law remained until the revision of 1905. In the probate code, as thereby revised, R. L. 1905, § 3636, we find this:

"Definitions—The word 'representative,' when used in these laws with reference to probate courts and proceedings therein, shall be construed as including executors, administrators, special administrators, administrators with the will annexed, administrators de bonis non, and guardians. The word 'minor' means a male under the age of twenty-one years or a female under the age of eighteen years."

Whatever it meant, that was the law at the time of plaintiff's injury, 2 Mason Minn. St. 1927, § 8706, and so determinative of her then status. By L. 1937, c. 435, § 24, 3 Mason Minn. St. 1938 Supp. § 8992-185, the word "minor" is declared to mean "a person under the age of twenty-one years." Thereby was removed the former discrimination against masculine youth. Both sexes now attain majority at 21 years.

The argument for defendant is untenable that the definition of "minor" above quoted from R. L. 1905 was restricted by the contextual "reference to probate courts and proceedings therein." It had long been our law that females attain majority at 18. There is nothing in the revision of 1905 to indicate intention to modify the law in that respect.

The conclusion just stated is the only one permissible from the phrasing of the 1905 revision, considered against its background of the long existing statutory rule. It is enforced by another consideration. If there is need for construction, which we doubt, it should not result in absurdity. For plaintiff it is well argued that if defendant's argument were to prevail women between the ages

of 18 and 21, from the effective date of the 1905 revision to that of L. 1937, c. 435 (April 26, 1937) would have been in this dilemma; if 21 were the age of majority for both sexes, except for probate purposes, young women at that stage of life could not have given valid deeds of real estate. Nor could they have conducted other business affairs, even if their estates so required. But, on the other hand, they could not have had guardians appointed by the probate court, because, for probate purposes only, being over 18, they were not minors. Counsel for plaintiff are right in concluding that neither the revision commission of 1905 nor any legislature could have intended to mar our law with such a blemish of unworkable anomaly.

In consequence, our holding is that before April 26, 1937, the effective date of L. 1937, c. 435, women attained their majority for all purposes at the age of 18. That requires that the judgment be, and it is, affirmed.

Affirmed.