CREYTS *v.* CREYTS,

1. DIVORCE—DECREE—PROVISION FOR SUPPORT OF MINOR CHILD —DEATH OF DEFENDANT.

> A provision in a decree of divorce against a husband, for the payment of a certain sum monthly, until the further order of the court, for the support of an infant child, is not discharged by the death of the husband.

2. SAME—COMMUTATION OF PAYMENTS.

> Under sections 8640, 8641, 3 Comp. Laws, the court has the power to make the award against a husband in divorce for the support of children a charge upon his property and alter it from time to time in the interests of justice, and on his death will fix the period for which the payments must continue, calculate their present worth, and make the sum a lien upon his property with priority over all other claims of his widow, heirs, and next of kin, except rights of dower.

Petition by Carrie L. Creyts for modification of a decree of divorce heretofore granted in this court. Submitted January 30, 1906. (Calendar No. 19,400.) Granted March 13, 1906.

*William M. Smith*, for petitioner.

*Thomas, Cummins & Nichols* and *L. B. Gardner*, contra.

HOOKER, J. On May 12, 1903, a decree was made by this court, on appeal from the circuit court for the county of Ingham, in chancery (133 Mich. 4), in favor of the aboved-named complainant, dissolving the marriage between the parties, and awarding to her $3,500 alimony, in lieu of dower, and also requiring the defendant to pay to her, for the maintenance and education of Thelma Creyts, an infant whose custody, etc., was given to her, the sum of $10 per month, until the further order of the court; the birth of said infant being therein adjudicated to have occurred upon September 15, 1895. The defendant in the divorce case paid the alimony decreed, and

said sum of $10 per month regularly and promptly, until his death, which occurred on January 2, 1905.

At the time the alimony provided by the decree was paid, the defendant had living five sons and daughters, children of a former wife, all adults, and they have survived him. He also had considerable property remaining after payment of the alimony, and soon after the decree was made he gave to each of said sons and daughters $2,000. Soon afterwards he married Roby A. Avery, and she was appointed his administratrix. The inventory shows an estate of about $5,000.

The petitioner, Carrie L. Creyts, complainant in the divorce case, claims that the decree for the payment of $10 per month, for maintenance of Thelma Creyts, is a charge upon the property of the estate, and that said sum should be paid for such period as the court shall hereafter determine. In opposition to this claim the persons interested in the estate claim that the decree is not operative since the death of Creyts. The petition prays that the court modify the decree by adjudging:

1. That the death of John Creyts did not "interrupt or suspend" the right of petitioner to said sum of $10 per month, but that the sum is payable, until the said Thelma Creyts shall reach the age of 21 years, and that Roby A. Creyts, administratrix, shall make such payments.

2. That the present worth of said payments shall be determined by the court and decreed to be a lien upon the estate of John Creyts, and that payment of said sum be made to petitioner, by Roby A. Creyts, before there shall be a distribution of the estate, and that petitioner have costs of this proceeding.

The original decree was not discharged by the death of the complainant. No one would contend that the provision for the wife would have been discharged by his death or before payment, or before it became due. And in *Shafer* v. *Shafer*, 30 Mich. 163, an appeal by the wife, after a husband's death, was held allowable if she was dissatisfied with the decree for alimony, and, in the matter of *Seibly* v. *Ingham Circuit Judge*, 105 Mich. 584, we held that it

was a proper practice to permit the revivor of a divorce suit to permit proceedings upon the decree to adjudicate the reserved question of alimony, upon bringing in the representative. These cases necessarily imply the authority to retain jurisdiction of the property of the husband in a divorce case after the death of the husband, to see that it be applied to the support of the wife and infant children. See, also, *Smith* v. *Waalkes*, 109 Mich. 16. In *Miller* v. *Miller*, 64 Me. 484, a case in which a similar order to that in this case was made, it was held that such order was not discharged by the death of the husband. It is possible that, in the absence of the statute, the court could do no more than to enforce the decree heretofore made, by proceedings to which the representative should be made a party, if it could do anything in the premises; it being suggested that, in that case, the wife would be on the same footing with any other claimant, and be obliged to obtain and be satisfied with allowance and payment through probate court.

Under our statute, which authorizes the court to make the decree a charge upon the property, and to change and alter the decree from time to time, in the interests of justice (3 Comp. Laws, §§ 8640, 8641),[1] we are of the opinion that, where the rights of bona fide holders have not intervened, the court may alter, amend, enlarge, or diminish the decree, as the necessities of the one and the ability of the other party may require, and that it may protect the child by making the decree a charge upon property to prevent its dissipation, and that the power is not deter-

---

[1] "SEC. 8640. In all cases where alimony or allowance for the support and education of minor children shall be decreed to the wife, the amount thereof shall constitute a lien upon such of the real and personal estate of the husband as the court by its decree shall direct, and in default of payment of the amount so decreed the court may decree the sale of the property against which such lien is decreed in the same manner and upon like notice as in suits for the foreclosure of mortgage liens; or the court may award execution for the collection of the same, or the court may sequester the real and personal estate of the husband and may appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate to be applied to the payment thereof or the court in lieu of a money allowance may decree such a division between

mined by the death of the husband. How the interests of other creditors might be affected, if at all, need not be considered, as it does not arise upon the record. We are therefore disposed to hold that this decree should be amended to give the provision for the maintenance of the child the effect of a lien upon the property of the estate, and priority over all claims of the widow and heirs.

Both parties indicate a desire that the decree be further modified by fixing the period for which such provision shall continue, and determining the amount of the present value of the same, and providing for the immediate payment of such sum, in place of the periodical payments provided for by the original decree. We have no doubt of our authority to do this, under the provisions of the statute referred to, and rather than to keep the estate open and defer distribution with the expense and possible loss necessarily attendant upon such a policy, we approve the alternative suggestion, and we hereby fix such amount, including arrearages and interest thereon, at the sum of $825, and make the same a lien upon the property of the estate not heretofore appropriated by order of the probate court, with priority over all other claims of the widow, heirs, and next of kin, except rights of dower.

A decree may be taken accordingly, with costs to be paid out of the estate, including a solicitor's fee of $25, to complainant's solicitor, the amount of this decree to be paid into court, or to the duly authorized guardian, to be appointed by the probate court.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.

the husband and wife of the real and personal estate of the husband or of the husband and wife by joint ownership or right as he shall deem to be equitable and just.

"SEC. 8641. After a decree for alimony or other allowance, for the wife and children, or either of them, and also after a decree for the appointment of trustees, to receive and hold any property for the use of the wife or children as before provided, the court may, from time to time, on the petition of either of the parties, revise and alter such decree, respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any decree respecting any of the said matters which such court might have made in the original suit."