## ESTHER GARBER v. IRVING H. ROBITSHEK AND OTHERS. FANNIE GARBER, APPELLANT.[1]

June 18, 1948.

No. 34,645.

[1]Reported in 33 N. W. (2d) 30.

*Smith & Callahan, Charles M. Bank,* and *Herbert E. Wolner,* for appellant.

*Vincent Johnson,* for respondent Esther Garber.

*Leonard, Street & Deinard,* for respondent Irving H. Robitshek as general administrator of estate of Mike Garber.

PETERSON, JUSTICE.

Appeal from order modifying a judgment for divorce after defendant's (the husband's) death so as to increase the award of alimony for plaintiff, the wife, and support money for the children.

The question for decision is whether a provision for alimony for the wife and support money for minor children in a divorce judgment is subject to modification and amendment after the husband's death, where it provides for monthly payment until the further order of the court of a certain sum to the wife as alimony for the wife and support money for the minor children of the parties, whose custody was awarded to the wife during their minority, but without specifying how much thereof shall be alimony for the wife and how much shall be support money for the children, and declares the payments a lien upon real estate, which the wife is adjudged to convey to the husband, prior to all encumbrances thereon of record.

On November 21, 1938, judgment was entered granting plaintiff a divorce from her husband which provided among other things that she be awarded the care and custody of the four children of the parties, then of the ages of 17, 14, 10, and 5 years, "during the period of their minority"; that the defendant pay to plaintiff "alimony and support money for herself and the four minor children" the sum of $100 per month "until the further order of the court"; that the sums to be so paid "shall be a lien prior to all encumbrances not now of record against the real estate of parties other than the homestead"; that plaintiff be awarded absolutely the homestead in fee, together with the household goods and furnishings therein; that plaintiff convey to defendant three tracts of land on which he was operating an automobile parts business; that she transfer and assign to him the automobile parts business; and that the

parties forthwith execute the necessary deeds and other instruments to effectuate the terms of the judgment.

Apparently, defendant paid the purchase price of the property to which plaintiff held legal title, and regardless of the fact that he could not recover any of the property from her and could not enforce any trust, constructive, resulting, or otherwise, she consented in the divorce action to judgment transferring the property to him upon provision being made for herself and their children. In 1938, when the judgment was entered, defendant's income was $2,513. Thereafter his income increased substantially annually, and in 1946, the year of his death, it amounted to $36,530.98. The three tracts of land were appraised at $9,080, and the automobile parts business at a little over $40,000.

The deeds and other instruments necessary to effectuate the judgment were not executed or delivered. The reason why this was not done does not appear. Defendant paid the $100 alimony and support money monthly as required by the judgment up to the time of his death, except for a payment of only $50 in November 1946. Consequently, at the time of defendant's death plaintiff had legal title to all the property the same as she did when judgment was entered.

In 1942 defendant married Fannie Garber, who is now his widow.

In March 1947, about four months after defendant's death, plaintiff moved to amend the divorce judgment as follows: (1) To substitute as defendant the defendant's administrator; (2) to require the administrator to pay alimony and suit money unpaid when defendant died; (3) to amend the judgment so as to award plaintiff $200 per month as alimony and support money; and (4) to grant certain other incidental relief. The widow and the children, as well as the administrator, were made parties.

The widow filed a special appearance and objected to the court's jurisdiction of the subject matter, which was overruled. Thereupon the motion was heard over her objection. The administrator adopted a neutral position and indicated a willingness to abide the court's order or judgment. In a helpful statement, counsel for the administrator informed both the trial court and this court concerning the

facts and rules of law governing the rights of the parties. They expressed the view that plaintiff was entitled to modification of the judgment. Although plaintiff's affidavit in support of the motion asserted "that the legal effect and conscious purpose of the court in creating the lien was to insure the continuance of such payments, or their equivalent, in such amount as the court might upon proper application redetermine, during the full remainder of plaintiff's life and the minority of parties' children, irrespective of defendant's personal survival," there was no denial thereof.

The court found "that the intent of said judgment and decree was to provide, subject to the further order of the court, an allowance to plaintiff by way of alimony and support money for herself and her four children, *not terminable at the death of the original defendant, should plaintiff survive him, but for the balance of her lifetime and during the minority of the children,* respectively" (italics supplied) ; that the parties intended to make the liability for alimony and support money "a specific lien" on the land on which defendant conducted the automobile parts business; that the judgment should be modified by increasing the amount of the alimony and support money to $170 per month; that the administrator, on behalf of defendant's estate and plaintiff execute and deliver the several instruments necessary to effectuate the judgment as modified; that if within 30 days the terms of the order should not be complied with the judgment be so "construed, interpreted, clarified and adjusted" as to pass title without act of the parties; and that the court retain jurisdiction of the case for further amendment and revision of the judgment.

The widow appeals from the order.

The legal question to be decided has been narrowed by concessions as to what the applicable rule of law is. Counsel agree that the court has the power to provide in a divorce judgment that the husband's liability to pay alimony and support money shall continue after his death as a charge upon his estate; that whether the judgment in a particular case so provides depends on whether the court manifested an intention that it should do so either by explicit pro-

vision to that effect in the judgment or by clear implication from its provisions; and that, where such an intention is manifested, the provisions with respect to alimony and support money may be modified and amended after the husband's death. See, Clarizio v. Castigliano, 201 Minn. 590, 277 N. W. 262; Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786; Fitzpatrick v. Fitzpatrick, 127 Minn. 96, 148 N. W. 1074; Murphy v. Shelton, 183 Wash. 180, 48 P. (2d) 247. The dispute here is whether the judgment of divorce manifests an intention that provision for the payment of alimony and support money shall survive defendant's death.

We think that the judgment upon its face manifests an intention to make defendant's liability for alimony and support money continue after his death as a charge against his estate. The legal effect of the provision of the judgment adjudging that defendant pay to plaintiff until the further order of the court $100 as alimony for her and support money for the children and declaring the liability for the payment thereof a lien upon defendant's real estate is that the payments shall continue after the husband's death until the further order of the court, for the reason that, where a divorce judgment awards the custody of a child of the parties to the mother and provides that the husband shall pay certain sums for its support during its minority, subject to further order of the court, and that the payments shall be a lien upon the husband's property, an intention is manifested by the judgment that the liability of the husband shall survive his death. In the Annotation at 50 A. L. R. 241, where the relevant authorities are gathered, the rule is stated as follows:

"In divorce cases, where the mother is given the custody of the child, and the father is ordered to pay her a stipulated amount for its support, it is generally held that such an obligation does not terminate upon the death of the father, in cases where he dies before the child arrives at its majority, but survives his death. Especially is this so where the divorce decree is made a lien upon the father's property."

See, Miller v. Miller, 64 Me. 484; Creyts v. Creyts, 143 Mich. 375, 106 N. W. 1111, 114 A. S. R. 656; Silberman v. Brown (Ohio Com. Pl.)

72 N. E. (2d) 267; Smith v. Funk, 141 Okl. 188, 284 P. 638; Murphy v. Moyle, 17 Utah 113, 53 P. 1010, 70 A. S. R. 767.

As said in 17 Am. Jur., Divorce and Separation, § 706:

"* * * There is no sound reason why the estate of the father should not be charged with the obligation to provide support for his minor children after his death. Thus, it has been held that where an obligation is assumed by a father in connection with a divorce to contribute a certain amount per month toward the support of his child, the payment to continue during its minority, but to cease upon its earlier death, such obligation is binding on his estate. Likewise, a provision in a decree of divorce against a husband for the payment of a certain sum monthly, until the further order of the court, for the support of his infant child creates an obligation which is not discharged by his death."

The facts here illustrate the reasons for the rule and compel its application in construing the divorce judgment. It is plain that, by awarding the custody of the children to plaintiff during their minority and by providing that the amount awarded plaintiff should be not only alimony for her but also support money for the children, the judgment provided for their support during their minority. Apparently, this is what the parties also intended. Both when the judgment was rendered and when plaintiff moved after defendant's death for its modification, she had legal title to all the property, and defendant had no recourse to recover the property or right to proceed against her by reason of her having title to it. The record strongly suggests that, whatever may have been the differences between the parties, defendant intended to support the children during their minority and to have a liability on his part to do so established by appropriate provision in the judgment. The minority of each child endured until he or she became 21 years old. M. S. A. 525.80; In re Trust Under Will of Davidson, 223 Minn. 268, 26 N. W. (2d) 223, 170 A. L. R. 215; Vlasak v. Vlasak, 204 Minn. 331, 283 N. W. 489. At the time the judgment was entered, if the children had lived, the minorities of the 5-, 10-, 14-, and 17-year-old children would have endured for 16, 11, 7, and 4 years, respectively. At the time of defend-

ant's death, the first two had 8 and 3 years, respectively, to run. It is clear that here, as in other cases, the duration of the minority of a child may be entirely different from that of the life of its father. Because the duration of the support was that of the minority of the children and not the life of their father and because the minorities might endure after the father's death, the court must have intended that the provision in the judgment for their support should survive the death of their father, the defendant.

Where an order or judgment is to be in effect until the further order of the court, there is in effect a reservation of jurisdiction to enter a further and final order or judgment. The reserved jurisdiction does not abate and is not defeated in a divorce case by the death of the husband. In the Miller case the court said (64 Me. 489) :

"Our conclusion, therefore, is that, a decree made in a divorce suit, that the mother shall have the care and custody of the minor children, and that the father shall pay a certain sum quarterly towards their support, which by its terms is to continue in force till the further order of court, is not discharged by his death ; and that a bond given to secure the performance of such a decree, is binding upon the surety, notwithstanding the death of the principal obligor."

And in the Creyts case, which was decided under a statute which was the same as ours, the court after reviewing its prior decisions said (143 Mich. 377, 106 N. W. 1111) :

"* * * These cases necessarily imply the authority to retain jurisdiction of the property of the husband in a divorce case after the death of the husband, to see that it be applied to the support of the wife and infant children."

In Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786, we expressly adopted the rule of the Michigan court, citing Pingree v. Pingree, 170 Mich. 36, 135 N. W. 923. This, counsel concede.

We think that there is no occasion to pursue the inquiry further. By providing that the $100 per month awarded the wife should be alimony for her and support money for the children without specifying how much thereof should be alimony and how much thereof

should be support money, the judgment treated both alimony and support money as a unit. Unitary treatment betokens unitary intention. See, Doll v. Scandrett, 201 Minn. 316, 276 N. W. 281. It is a case of a single intention as to a single provision. No point has been raised by appellant that the judgment betokens a different intention as to support money from that as to alimony. Upon the submission here, both rest upon precisely the same basis. By manifesting the same intention as to both, the judgment intended not only to make the unapportioned part of the award for support money survive defendant's death, but also the unapportioned part thereof for alimony.

Our conclusion is that the provision in the judgment for an allowance to plaintiff as both alimony for her and for support money for the children was intended to survive defendant's death, and that, because that is true, the court had jurisdiction to amend and modify it afterward.

Affirmed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.

MR. JUSTICE KNUTSON, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case.