LEONA SPENCER, APPELLEE, v. WILLIAM CLAYTON SPENCER, APPELLANT, JOSEPH O. SPENCER, EXECUTOR OF THE ESTATE OF WILLIAM CLAYTON SPENCER, DECEASED, ET AL., APPELLANTS.

87 N. W. 2d 212

Filed December 27, 1957. No. 34227.

*Jesse D. Cranny* and *Merle M. Runyan,* for appellants.

*Miles N. Lee,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

In the original action appealed to this court, Spencer v. Spencer, 158 Neb. 629, 64 N. W. 2d 348, the plaintiff appellant, Leona Spencer, was granted an absolute divorce from the defendant appellee William Clayton Spencer. She was awarded alimony and division of property as follows: "* * * we conclude that there should be an award in favor of plaintiff in the amount of $75,000, payable $15,000 within 60 days from the date of issuance of mandate herein and $6,000 annually thereafter until the full sum of $75,000 shall have been paid." After the divorce became final, the defendant, William Clayton Spencer, died testate. At the date of his death nine annual installments of alimony had not yet matured and were unpaid. The decree of divorce

also awarded the care, control, and custody of the three minor children of the parties to the plaintiff, and further provided that the defendant pay to the plaintiff $200 a month for the support of the children. The provision as to custody and support of the children was to remain in force until the children became of age or self-supporting or until the further order of the court.

After the death of her husband, the plaintiff filed a motion for revivor of judgment as to alimony and division of property, and also for revivor of judgment for child support, making the three minor children of the parties and the executor of her former husband's estate parties.

There is apparently no question but that revivor is the proper procedure to reinstate a judgment. Since the appellants do not assign error to the form of proceedings, we may assume that they do not object to the same. See In re Estate of Rusch, 89 Neb. 265, 131 N. W. 209.

After trial to the court, the trial court found in favor of the plaintiff as to the revivor for alimony and division of property, and found against the plaintiff and in favor of the minor defendants and executor of the estate of William Clayton Spencer, deceased, as to the attempt to revive the judgment for child support. Judgment was entered in accordance with the findings.

The guardian ad litem filed a motion for new trial, on behalf of the minor defendants, to that part only of the judgment reviving the alimony and division of property. A separate motion for new trial to the same effect was filed by the executor of the estate of William Clayton Spencer, deceased. The plaintiff filed a motion for new trial with reference to the trial court's denial of the revivor of child support. All motions for new trial were overruled. From the overruling of the motions for new trial, the guardian ad litem appeals, as does the executor of the estate of William Clayton Spencer, deceased. The filing of the appeal vests the right of the appellee to a cross-appeal which is asserted in her

brief, as provided for by the rules of this court. See, also, In re Estate of Dalbey, 143 Neb. 32, 8 N. W. 2d 512.

Motion for revivor was filed in the original action which had been decided on appeal in Spencer v. Spencer, *supra*. The motion alleged that William Clayton Spencer, the defendant, died testate on February 14, 1956; that probate proceedings of his estate were instituted in Cherry County and are now pending; that Joseph O. Spencer is the executor thereof; that the defendant left surviving three minor children, Sally Spencer, Betty Lou Spencer, and John Spencer, ages 14, 13, and 12 respectively; and that said minors are the sole beneficiaries of the estate, except for the judgment awarded their mother, Leona Spencer, by the district court in pursuance of the mandate of this court on June 28, 1954. It is further alleged that the judgment and decree entered in the district court pursuant to the mandate provided: "(a) Judgment against defendant for alimony and division of property in the sum of $75,000.00, payable $15,000.00 within sixty days from June 21, 1954, $6,000.00 on or before June 21, 1955, and $6,000.00 on or before each 21st day of June thereafter until the full sum of $75,000.00 shall have been paid. (b) Judgment against defendant for $200.00 per month for the support of said three children, to remain in full force until the children shall become of age or self-supporting, or until further order of the court, with the first payment of $200.00 to become due and payable on July 2, 1954, with a like sum payable on the 2nd day of each month thereafter, as provided." It is further alleged that the alimony and division of property payments remain unpaid except the first two payments, leaving an unpaid amount of $54,000 alimony; and that monthly child support payments of $200 each have been paid to and including June 2, 1956, but that all subsequent monthly payments for child support remain unpaid. The prayer is for the appointment of a guardian ad litem to represent the minor children and that the

plaintiff's judgment and award be revived against Joseph O. Spencer, the executor of the estate of William Clayton Spencer, deceased, and the minor children.

The guardian ad litem filed objections to the revivor proceedings and alleged therein that the laws of Nebraska do not provide for payments of alimony after the death of the defendant William Clayton Spencer; and that the payments as set forth in the decree do not survive the death of the defendant William Clayton Spencer. The prayer was that judgment be entered in accordance with this pleading.

The guardian ad litem filed a separate answer, so far as it relates to the $200 per month child support allowance, which alleged in substance that the district court had no jurisdiction to now provide for child support for the three minor children of the parties in the original action; and that the children, being sole beneficiaries of a large estate, have become self-supporting. The prayer was for a denial of the revivor insofar as the child support is concerned.

Similar and separate answers were filed by Joseph O. Spencer, executor of the estate of William Clayton Spencer, deceased, praying for the same relief as in the answer and objections of the guardian ad litem.

An order nunc pro tunc was entered by the trial court which in effect extended the alimony payment dates from June 21 to August 20 of each year, so as to make the installment "periodic payments" extend beyond a 10-year period, the effect of which was to shift the tax responsibility from the William Clayton Spencer estate to Leona Spencer, the plaintiff, personally. When the order was entered, the plaintiff filed a waiver and agreed to pay the income tax due or to become due on her alimony installments if it would prove beneficial to the children.

The record discloses that Leona Spencer and William Clayton Spencer were married, and as a result of their marriage they became the parents of the three minor

children named as defendants in this proceeding, namely: Sally, born on October 6, 1941, Betty Lou, born on November 25, 1942, and John, born on June 24, 1944; and that the ages of the minor children were Sally 15, Betty Lou 13, and John 12. Leona Spencer, as plaintiff, instituted an action for absolute divorce and custody of the children of the parties in the district court for Custer County. Upon trial had to the court, she was denied a divorce. On appeal to this court, the judgment of the district court was reversed and Leona Spencer, as plaintiff, was granted an absolute divorce from the defendant William Clayton Spencer, the custody of the three minor children of the parties, and judgment for alimony and child support as heretofore set forth.

The record further shows that William Clayton Spencer paid $15,000 as provided for in the decree of divorce, on or about August 24, 1954, and $6,000 on or about June 21, 1955, also that he paid on support money as provided in the decree or judgment the sum of $4,800, these payments being in monthly installments for child support from July 2, 1954, to June 2, 1956.

William Clayton Spencer died testate, a resident of Cherry County, Nebraska, on February 14, 1956. At the date of the death of William Clayton Spencer, no installments of alimony payments were delinquent, nor was any payment of child support in default.

The will of William Clayton Spencer was duly admitted to probate in the county court of Cherry County. In his will he devised and bequeathed all of his property, real, personal, and mixed to his three minor children, the defendants in this proceeding.

Joseph O. Spencer, brother of the decedent, was named executor of the last will and testament of William Clayton Spencer, deceased. He qualified and is now the duly appointed, qualified, and acting executor of the said will.

Leona Spencer, the plaintiff herein, filed a claim

against the estate in the county court of Cherry County for $76,600 which consisted of nine unmatured annual installments of alimony totaling $54,000, and child support payments to be paid in the future. This claim is still pending and undisposed of.

It was testified that William Clayton Spencer left approximately 5,000 acres of land appraised at $10 an acre for inheritance tax purposes. The record also shows that the executor sold 743 head of cattle for $61,860.90, 6 horses for $410.70, miscellaneous property for $583.68, and collected the first half payment on the ranch lease in the amount of $8,287.47. In all, the executor collected about $100,000.

The executor testified that prior to the death of his brother, William Clayton Spencer, they owned land together. A partition action was brought by William Clayton Spencer against Joseph O. Spencer, his brother, in the district court for Cherry County. By the proceedings had therein, it appears that they owned together approximately 13,000 acres of land. By the decree in partition, Joseph O. Spencer received about 8,000 acres of land and William Clayton Spencer approximately 5,100 acres of land. The decree was entered on September 19, 1955. In the decree of the district court it was adjudged that the plaintiff's alimony and support awards were absolute first liens and charges on the real estate awarded to William Clayton Spencer, that is, that all of said real estate allotted and made firm and effectual in William Clayton Spencer was charged with and made subject to the full balance due Leona Spencer on the judgment recovered by her against William Clayton Spencer in the district court for Custer County for alimony, child support, court costs, and attorney's fees.

The will of William Clayton Spencer was received in evidence. It provided in part: "I will, give and bequeath and devise to my beloved children, Sallie Leone Spencer, Betty Lou Spencer and John Clayton Spen-

cer, all of my real, personal and mixed estate of every kind whatsoever and wheresoever situate, in equal shares, share and share alike, * * *." The will further provided: "I especially provide, will and direct that no part of my said estate of any kind whatsoever shall descend to or vest in the said Leona Spencer other than such share as is my (by) said divorce decree awarded to her."

The plaintiff testified that she is the holder of a judgment awarded to her; that she had never remarried; that her three minor children are living with her, going to school at Broken Bow, and are under her care and custody; that she has been supporting her children; and that family expenses amount to at least $300 a month.

For convenience we will refer to the parties as designated in the district court unless occasion demands otherwise, that is, Leona Spencer as plaintiff, William Clayton Spencer, deceased, as the deceased, and Joseph O. Spencer as executor.

The assignments of error set forth by the executor, deemed pertinent to a determination of this appeal, and the assignments of error made by the guardian ad litem are substantially the same and may simply be stated as follows: The trial court erred in holding that the unmatured installments of alimony, nine in number, totaling $54,000, could be collected from the estate of the deceased and the minor defendants, there being no provision to this effect in the decree of divorce awarded to the plaintiff, and there being no statute in Nebraska so providing. The judgment and decree of the district court is contrary to the evidence and the law.

The pertinent assignment of error relating to the cross-appeal of the plaintiff may be stated as follows: The trial court erred in adjudging that the original judgment against the deceased for $200 a month for child support in accordance with the decision in Spencer v. Spencer, *supra*, and the trial court's judgment and

decree on the mandate of this court did not survive the death of William Clayton Spencer, deceased.

We will take up the assignments of error in continuity.

All matters relating to divorce are purely statutory. The statutes of the different states in some particulars are different from those relating to the subject in this state. We look first to the law of this state for a solution of the problems presented by this appeal.

The right of a wife to enforce a judgment for alimony and division of property is a clear vested right as will appear by the following applicable statutes.

Section 25-1301, R. R. S. 1943, provides: "A 'judgment' is the final determination of the rights of the parties in an action."

Section 42-319, R. R. S. 1943, provides in part: "All judgments and orders for payment of alimony or of maintenance in actions of divorce or maintenance shall be liens upon property in like manner as in other actions, and may in the same manner be enforced and collected by executions and proceedings in aid thereof, * * *."

Section 42-323, R. R. S. 1943, provides in part: "* * * Judgments and decrees for alimony or maintenance shall be liens upon the property of the husband, and may be enforced and collected in the same manner as other judgments of the court wherein they are rendered."

Section 42-340, R. R. S. 1943, provides that unless proceedings are pending, the original decree shall at the expiration of six months become final without any further action of the court.

Section 25-2226, R. R. S. 1943, construes the words "decree" and "judgment" as being synonymous terms.

In Nygren v. Nygren, 42 Neb. 408, 60 N. W. 885, the court said: "* * * the state legislature, in 1883, passed 'An act to provide additional remedies for enforcement and collection of judgments and orders for alimony or maintenance.' Sections 1 and 2 of said act, the same being sections 4a and 4b, chapter 25, Compiled Statutes

of 1893, read as follows: \* \* \*." Section 4a referred to in the opinion is substantially the same as section 42-319, R. R. S. 1943. The court held: "Since the enactment of section 4a, chapter 25, Compiled Statutes, a decree for alimony is a lien upon real estate the same as a judgment at law, and is enforceable in the same manner."

In Graham v. Graham, 135 Neb. 761, 284 N. W. 280, it is said: "The alimony judgment is legislatively endowed with the same qualities as 'other judgments,' and by the same authority may 'be enforced and collected by \* \* \* other action' as 'other judgments' are."

The plaintiff in the instant action was the holder of a final judgment which could be enforced, insofar as the alimony is concerned, as set forth in the above-cited authorities and as indicated by the sections of the statutes heretofore cited.

With reference to the defendants' contention that the annual alimony award as decreed in Spencer v. Spencer, *supra*, does not survive the death of the former husband of the plaintiff, the defendants argue that the corresponding duty to make such payments being personal, the same are generally considered as terminating upon the death of either of the parties where no statute to the contrary exists and judgment and decree are silent on the subject, and that the same are not collectible by the plaintiff in the instant case.

In this connection our attention is called to Masters v. Masters, 155 Neb. 569, 52 N. W. 2d 802. There is a clear distinction between the cited case and the instant case. In the Masters case the plaintiff, the divorced wife of the defendant, filed an application in the district court to revive a judgment entered in her favor in a divorce action. The second wife of the deceased defendant, as executrix of his estate, appeared specially, objecting to the jurisdiction of the court over the subject matter of the action. The district court sustained the special appearance of the executrix. This court affirmed the district court's judgment. At the time of the defendant's

marriage to his second wife he had no property other than the income he received from his earnings from which he was obligated to pay the monthly installments awarded in the divorce action. The judgment was not based upon an award of alimony in gross. The monthly installments of alimony were paid out of the husband's income. There was no provision in the court's decree fixing the total amount of alimony and no date of termination of such payments. Under such circumstances, in the absence of any disclosing intention, alimony for monthly support does not survive the death of the husband. In the instant case the judgment of this court definitely described the alimony payments and fixed the same in a definite amount, as well as the time of payment of the same, and when the payments would terminate.

The following cases from this jurisdiction are applicable.

In Wharton v. Jackson, 107 Neb. 288, 185 N. W. 428, it was held: "A decree of the trial court in a divorce case in favor of the wife, granting $15 a month during the minority of a daughter, aged five, and of a son, aged three, or of either of them, where the term of court has ended and there have been no proceedings to review nor revise, is a final judgment and became a lien upon the real estate owned by the husband * * *. * * * Such a judgment is for a definite amount and is a lien, not only for the amount of the matured unpaid instalments (sic) and interest thereon, but also as security for the payment of those instalments (sic) yet to become due during the minority of the younger child."

In Ziegenbein v. Damme, 138 Neb. 320, 292 N. W. 921, it was held: "An unqualified allowance of alimony in gross, whether payable immediately in full or periodically in instalments (sic), and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations between husband and wife

as to be capable of a present vesting and to constitute an absolute judgment." See, also, Beard v. Beard, 57 Neb. 754, 78 N. W. 255; Graham v. Graham, *supra*; Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51; Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617.

In the case of Anglim v. Anglim, 140 Neb. 133, 299 N. W. 346, it was held: "Where a wife secured a decree for separate maintenance, upon personal service, and the husband, subsequently in another jurisdiction on constructive service, without bringing the former decree to the attention of the latter court, secured a divorce, and never paid the maintenance decree, said separate maintenance decree will continue in full force and effect until directly modified, especially where the former court retained such right, and where the husband dies before such modification, all instalments (sic), due and unpaid, and other rights thereunder, unless modified by the court, or prohibited by specific statute, may be enforced against the estate of the deceased husband in this state."

As stated in Holmberg v. Holmberg, 106 Neb. 717, 184 N. W. 134: "An action for divorce does not survive. The purpose of the action being to dissolve the marriage relation, and that relation being dissolved by death, the proceedings after the death of one of the parties would be useless and of no avail. Where, however, property rights are involved and a judgment for alimony or determining the separate property rights between the parties has been had in the case, the cause generally will survive as to such matters. 1 C. J. 208, sec. 404; 1 R. C. L. 39, sec. 35."

In Annotation, 39 A. L. R. 2d 1413, it is said: "Where a divorce decree calls for a designated sum as alimony in gross then, even if it is provided that the sum named should be paid in instalments (sic) over a period of time, an intention is easily found that such payments should not cease with the husband's death prior to the time the full amount called for has been paid."

In the case of Hagerty v. Hagerty, 222 Mich. 166, 192 N. W. 553, a case somewhat in point with the instant case, it was said, in substance, that on principle, there is no escape from the conclusion that a decree for alimony in gross, if without reservation, becomes a vested right from the date of its rendition and survives the death of the husband. See also, Garber v. Robitshek, 226 Minn. 398, 33 N. W. 2d 30.

In the light of the foregoing authorities we think the judgment, upon its face, manifests an intention to make the defendants liable for alimony to continue as a charge against the estate of William Clayton Spencer, deceased. In the instant case the plaintiff's alimony judgment should be and stand revived, and held to be in full force and effect and collectible against the former husband's estate. The assignments of error asserted by the defendants are not sustainable.

This brings us to the cross-appeal of the plaintiff relating to the child support award as decreed in Spencer v. Spencer, *supra,* and whether or not the same may be revived after the death of the father of the minor children here involved.

The decree in Spencer v. Spencer, *supra,* specifically provides child support payments "* * * shall remain in force until the children shall become of age or self-supporting or until the further order of the court."

In the case of In re Estate of Rusch, *supra,* the controversy was over a $2,000 claim filed in the deceased father's estate for the purpose of increasing the allowance for child support. The court said, in substance, that the county court had no jurisdiction to increase child support allowance for the reason that the district court had original jurisdiction and this jurisdiction was not lost because of the death of a party in such proceeding. The court reviewed the facts in relation to what are now sections 42-311, 42-312, and 42-318, R. R. S. 1943. The court said: "It thus appears that the district court not only had jurisdiction to make full provision for the care,

custody and maintenance of the child, but in acting within that jurisdiction retained power to revive and alter the decree to meet changing circumstances and conditions. * * * This jurisdiction was not lost by the death of a party to the suit. * * * It is insisted by plaintiff, however, that she is without a forum, if she cannot obtain redress in the county court, because the statute, so she asserts, provides no way to revive the decree of divorce after the death of the husband. This argument is not persuasive. The decree relates to both divorce and maintenance. Revivor as to the latter subject alone is necessary. The divorce would not be disturbed. The statute quoted expressly provides that the court, from time to time, may revive (revise) and alter the decree 'concerning the care, custody and maintenance of the children.' (§ 42-312, R. R. S. 1943.) As to maintenance the decree is subject to change. It may bind the father while he is living and his estate when he is dead. The obligation of a father to support his helpless offspring may survive both divorce and death. Miller v. Miller, 64 Me. 484; Seibly v. Person, 105 Mich. 584."

The cited case clearly indicates that an allowance for child support in a fixed sum payable monthly, as under the decree in Spencer v. Spencer, *supra,* survives the death of the father of the minor children.

The case of In re Estate of Rusch, *supra,* relied upon the case of Miller v. Miller, 64 Me. 484, where it was held that a decree made in a divorce suit that the mother shall have the care and custody of her minor children, and that the father shall pay a certain sum quarterly toward their support, which by its terms is to continue until further order of the court, is not disturbed by his death, and a bond given to secure performance of such a decree is binding upon the surety notwithstanding the death of the principal obligor.

In Edelman v. Edelman, 65 Wyo. 271, 199 P. 2d 840, it was held, as in Miller v. Miller, *supra,* where a divorce decree in favor of a wife awarded her custody of a minor

son, obligation of the husband under provision in decree requiring husband to pay wife $30 a month for support of minor son until further order of the court did not terminate upon husband's death, but survived his death as a proper claim against his estate.

This question usually arises, however, in cases of divorce where the mother is given the custody of the child and the father is ordered to pay her stipulated amounts for its support. The general rule is that such an obligation does not terminate upon the death of the father in cases where he dies before the child arrives at his majority, but survives his death. Especially is this so where the divorce decree is made a lien upon the father's estate.

Cases from other jurisdictions generally hold that, in the absence of statutory inhibitions, the weight of authority seems to be to the effect that a father's obligation under a divorce decree to pay a stated amount per month for the support of his minor children does not necessarily terminate upon his death, but may survive against his estate as to such subsequently accruing installments thereunder, after his death and during the minority of the children; and that such is particularly true where the divorce decree is made a lien upon the father's property, or where the judgment on its face manifests an intention to make defendant's liability for maintenance a continuing one after his death and a charge against his estate. See, 27 C. J. S., Divorce, § 323 (c), p. 1252; Newman v. Burwell, 216 Cal. 608, 15 P. 2d 511; Gainsburg v. Garbarsky, 157 Wash. 537, 289 P. 1000; Creyts v. Creyts, 143 Mich. 375, 106 N. W. 1111, 114 Am. S. R. 656; Murphy v. Moyle, 17 Utah 113, 53 P. 1010, 70 Am. S. R. 767; Mansfield v. Hill, 56 Or. 400, 107 P. 471, 108 P. 1007; Stone v. Bayley, 75 Wash. 184, 134 P. 820, 48 L. R. A. N. S. 429; Silberman v. Brown (Ohio Com. Pl.), 72 N. E. 2d 267; Garber v. Robitshek, *supra;* Annotation, 50 A. L. R. 241; Annotation, 18 A. L. R. 2d 1130, 1131, 1133.

Section 42-312, R. R. S. 1943, provides: "If the cir-

cumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." See, also, § 42-324, R. R. S. 1943.

By statute, the district court has original jurisdiction over the custody, maintenance, and support allowances of minor children involved in a divorce action.

Where a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, marriage, or the reaching of majority, such payments become vested in the payee as they accrue. The courts are without authority to reduce the amounts of such accrued payments. See, Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340; Gibson v. Gibson, 147 Neb. 991, 26 N. W. 2d 6; Dunlap v. Dunlap, *supra*.

We are not here determining whether or not the children are self-supporting. Insofar as the evidence in this case shows, the mother has the care, control, and custody of the children and at the present time is expending her own funds for their support. In addition, she claims that the amount she receives is inadequate for their support. However, that is a matter for future determination if it should be required.

Some reference is made to a claim filed by the plaintiff in the estate of her former husband in the probate court of Cherry County. This claim is not before the court for determination.

For the reasons given herein, we conclude that the judgment of the trial court denying the revivor for child support constituted error. The trial court is directed to enter judgment reviving the child support in conformity with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.