416 P.2d 144

Emma Lucille HILL, Individually and as Next Friend of Patricia Ann Hill, a Minor, Claimant-Appellee,

v.

Homer H. MATTHEWS, Executor of the Estate of Jonathan Hill, Deceased, Defendant-Appellant.

No. 8039.

Supreme Court of New Mexico.

July 5, 1966.

Albert Rivera, Alamogordo, for appellant.

Chase & Garza, Alamogordo, for appellee.

OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

The parties to this action have stipulated on the facts and for clarity it is believed that a summary here is necessary.

Jonathan Hill married Bertha Hill and of that marriage Mary Lois Hill was born. Bertha Hill died. Jonathan Hill next married Emma Lucille Henley and of that marriage Patricia Ann Hill was born. Emma Lucille Hill sued Jonathan for divorce. Pending divorce, the parties stipulated that Emma Lucille Hill would have the custody of Patricia Ann. Further stipulation required Jonathan to contribute, beginning June 1, 1963, $50.00 per month for the support and maintenance of Patricia

Ann until she reached the age of six years (May 28, 1969), then $75.00 per month until Patricia Ann reached majority or would be otherwise emancipated. The decree of divorce ratified the stipulation. A few weeks after the decree of divorce, Jonathan Hill executed a will wherein he bequeathed Patricia Ann $1.00. Thereafter Jonathan Hill died. Patricia Ann became the recipient of social security and civil service retirement benefits in excess of $75.00 per month to be continued until she reaches 18 years.

Emma Lucille Hill filed a claim in the probate court individually and as next friend of Patricia Ann to recover delinquent child support payments and a sum equal to the then value of future payments in accordance with § 31–8–13, N.M.S.A.1953. The probate court allowed the claim for delinquent and future payments but refused to reduce the future payments to their then present worth. Claimant and executor both appealed to the district court. Among other things the district court found that the claimant was entitled to child support payments out of the estate of Jonathan Hill in the amounts previously stipulated on and that the then present value thereof in the sum of $9,691.00 should be paid into court.

The executor, Homer H. Matthews, appealed to this court and, for reversal of the district court ruling, contends that child support payments terminate with the death of the parent where the child is receiving collateral benefits under social security and civil service annuity.

The proposition raised by this appeal has never been decided in New Mexico. In the case of In re Coe's Estate, 56 N.M. 578, 247 P.2d 162, the question was raised concerning the liability of the estate of a deceased father to make child support payments previously ordered by a divorce decree, but the question was not required to be answered in disposing of the appeal.

The treatment of the problem in other states has brought about a diversity of opinion. Cases holding that the death of the parent who has been ordered to make payments for child support terminates the order with respect to payments accruing after death are as follows: Guinta v. Lo Re, 159 Fla. 448, 31 So.2d 704; Sandlin's Administratrix v. Allen, 262 Ky. 355, 90 S.W.2d 350; Blades v. Szatai, 151 Md. 644, 135 A. 841, 50 A.L.R. 232; Gardine v. Cottey, 360 Mo. 681, 230 S.W.2d 731, 18 A.L.R.2d 1100; In re Van Arsdale's Will, 190 Misc. 968, 75 N.Y.S.2d 487; Prime v. Prime, 172 Or. 34, 139 P.2d 550; Schultze v. Schultze (Tex.Civ.App.1901), 66 S.W. 56; Robinson v. Robinson, 131 W.Va. 160, 50 S.E.2d 455.

Other states seek to follow the intention of the divorce court as indicated in its decree. In re Moore's Estate, 34 Tenn.App. 131, 234 S.W.2d 847; Murphy v. Moyle, 17 Utah 113, 53 P. 1010; Garber v. Robitshek, 226 Minn. 398, 33 N.W.2d 30.

In a third category are those states holding that the order is not terminated by death of the husband. Taylor v. George, 34 Cal.2d 552, 212 P.2d 505; Creyts v. Creyts, 143 Mich. 375, 106 N.W. 1111; Edelman v. Edelman, 65 Wyo. 295, 203 P.2d 952. Section 22-7-16, N.M.S.A.1953 provides:

"In case a sum or sums of money is allowed to the child or children by the decree for the support, education, or maintenance of such child or children, such decree shall become a lien on the real estate of the party which must furnish the child support from the date of filing for record a certified copy of such decree in the office of the county clerk of each county where any of such property may be situated."

This enactment would at least lend support to the belief that the public policy in New Mexico is to depart from the theory that the order is one in personam and the obligation terminates with death, but rather that the order for support is one in rem and a lien attaches to the real estate. See Garber v. Robitshek, 226 Minn. 398, 33 N.W.2d 30 and Spencer v. Spencer, 165 Neb. 675, 87 N.W.2d 212.

Underlying the conclusion in those states that would terminate the order with the death of the father is the "in personam" argument and the argument that since a father's obligation to support his child ceases on the death of the father, it would be illogical to hold that by reason of a divorce decree a child is in a better position in respect to his father's estate than he would be without the decree for divorce. Here, however, we have an additional factor. There is not only a decree but there is also a stipulation, or contract, between the parents. If the child of the divorce is in a better position, it is so because of the father's agreement.

The law provides a general creditor with the remedy to proceed against the estate of his debtor and no good reason presents itself to our minds why a child should not be able to enforce a judgment for support.

Neither the appellant nor the appellee have submitted any authority pertinent to the presence or absence of social security payments or civil service annuities nor is the point argued by either side. Appellant only argues the issue of whether or not child support payments terminate upon the death of the father. It is well that the contention end at that point since the social security payments and civil service benefits now received by the minor child as a result of the federal statutes will end as soon as she attains the age of 18 years, whereas the stipulation and decree of divorce required the payments by the father to continue until the child reached her majority, or her emancipation, whichever occurs first.

We conclude that where a father has been ordered by a court of competent jurisdiction to make child support payments until his child reaches majority, in accord with a

stipulation such as was present in this case, and thereafter the father dies while the child is yet a minor, that a claim may be successfully prosecuted in the probate court against the estate of the father to enforce the payment.

In view of the foregoing, the decision of the district court is affirmed and the cause is remanded to the district court for a new determination of the present value of the future payments, and the taxing of costs to be paid by the executor from the assets of the estate.

It is so ordered.

NOBLE and MOISE, JJ., concur.