In the Matter of the ESTATE of
Leslie AIMONE, Deceased.

Marie AIMONE, Appellant,

v.

Fred R. AIMONE, Administrator of the estate of Leslie Aimone, Deceased, and Fred R. Aimone, Guardian of the Estate of Milton Leslie Aimone, a minor, Appellees.

No. 3875.

Supreme Court of Wyoming.

Jan. 10, 1972.

**526**

Charles D. Phillips, Evanston, for appellant.

Vincent A. Vehar, Evanston, for appellees.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

McINTYRE, Chief Justice.

Marie Aimone, a former wife of Leslie Aimone, deceased, has appealed to our court from the decree of final settlement and distribution of decedent's estate. She states the issues are:

1.  Whether family allowance can be paid to decedent's minor child after the time the estate is in condition to be closed, at the expense of "a judgment creditor."

2.  Whether extraordinary fees and reimbursement for alleged travel expenses may lawfully be awarded to an administrator in defending the estate against an action involving only questions of law and decided on motion for summary judgment, where no court appearance was required of the administrator.

3.  Whether the administrator's attorney is entitled to a fee for extraordinary services in preparing an accounting long overdue.

The essential facts involved will become apparent as we discuss the assignments listed as issues.

### Family Allowance

The decedent died intestate and left as heirs a widow, his fourth wife; Milton Leslie Aimone, a minor son of decedent and his first wife; and Allan Dennis Aimone, a minor son of decedent and his third wife. Allan's mother, decedent's third wife, is the appellant herein.

When Marie, the appellant, and decedent were divorced, the husband was ordered to pay to Marie $50 per month for the support of Allan. Thereafter, following the death of Leslie Aimone, Marie filed a creditor's claim for unpaid installments and also for a lump sum equal to $50 per month in the future to the time Allan would be 21 years old. The administrator rejected the claim and Marie sued thereon in district court.

There can be no question but that a change of circumstances occurred when Allan's father died. We have never held that an order to pay support money, in and of itself, becomes a judgment.[1] In Streight v. Streight's Estate, 226 Or. 386, 360 P.2d 304, 306, it was held the death of a father, who has been ordered by a divorce decree to pay for the support of children in the mother's custody, automatically terminates the duty to make payments not yet due.

On the same subject, the Colorado Supreme Court has stated the orders of a trial court pertaining to alimony and support money, being *in personam,* do not survive the death of the husband. Doll v. Doll, 140 Colo. 546, 345 P.2d 723. To the same effect is Whitman v. Whitman, Okl., 430 P.2d 802, 806, where it was said the majority of states and the weight of authority hold that on the death of a parent, who has been ordered to make monthly payments for the support of a child, such order terminates automatically with respect to payments which would have accrued after death.

The Missouri Supreme Court, in Gardine v. Cottey, 360 Mo. 681, 230 S.W.2d 731, 750, 18 A.L.R.2d 1100, held a father's obligation under a divorce decree to pay monthly support money terminates upon his death, "regardless of the fact that the obligation for such support is evidenced by a judgment." The annotation in 18 A.L.

---

1.  See Wardle v. Wardle, Wyo., 464 P.2d 854, 856.

R.2d 1126, 1127, says it is often held that, on the death of a parent who has been ordered to make payments for the support of a child, the order terminates automatically with respect to payments which would have accrued after death. Cases from seven states are listed in support of this holding.

The annotation then says, in other states, the question whether the obligation continues after the father's death depends upon the intention of the divorce court as manifested in its decree. Cases from three states are listed in support of this theory.

In three states, the annotation indicates, it has been held the obligation for a periodic sum for support of a minor is not discharged or terminated by the death of the husband. Wyoming is listed as one of the three states referred to, based upon the decision in Edelman v. Edelman, 65 Wyo. 271, 199 P.2d 840, 842.[2]

In Scudder v. Scudder, 55 Wash.2d 454, 348 P.2d 225, 227–228, the court assumed the divorce court had power to require support payments to coninue after death of the husband. The court then considered whether the divorce court exercised its power to that extent. It was said, standing alone, a decree ordering the husband to provide support for his minor children operates *in personam* and would not survive his death. It was indicated the provision for continuance of payments after death must either be specifically stated in the decree, or else its language must be so clear and unmistakable as to indicate the court intended its decree to have that effect. In the absence of a specific statement or clear intention, it will be presumed the payments abate upon the death of either spouse, the court said.

In Pelser v. Pelser, 177 Cal.App.2d 228, 2 Cal.Rptr. 259, 260, the court said, although it is the general rule that liability for support of a child terminates upon the death of a father, the parents may by agreement provide for liability to extend beyond death of the father; and if incorporated in a divorce decree, the agreement would be a proper basis for claim against the father's estate.

Although the support provision of the Aimone divorce decree was based upon an agreement between the parties, there was nothing in the agreement having to do with the matter of extending the support obligation after death of the father.

It is sufficient for purposes of our decision in the case before us to repeat what we have previously said—that the death of Leslie Aimone caused a change of circumstances and the probate judge, who was the same judge who had granted the divorce between Marie and decedent, had the right and duty to see that proper provisions were made for all minor children of decedent. He would have been derelict in his duty if he had allowed one minor child to be preferred over another minor child.

The only variation in the arrangement for the support of Allan Dennis Aimone, after his father's death, was the court's provision for equal treatment of Milton Leslie Aimone. We find nothing in Edelman v. Edelman, 65 Wyo. 271, 199 P.2d 840, or in any of appellant's citations, which would require the court to continue support payments for Allan Dennis Aimone to the exclusion of Milton Leslie Aimone.

We should notice in passing that the Edelman decision expressly denied the claim of the minor's mother for payment in a lump sum to cover monthly installments until the son reached his majority. In Marie Aimone's civil action, the district court awarded her judgment for the

---

**2.** The A.L.R.2d Later Case Service (1965), p. 1209, and the 1971 supplement thereto, list 13 states where the most recent decisions follow the doctrine that death of a parent terminates payments accruing thereafter; four states are listed where the most recent holding follows the view that a support decree survives the father's death. This includes New Mexico where the decision in Hill v. Matthews, 76 N.M. 474, 416 P.2d 144, appears to have been influenced by a particular New Mexico statute.

amount due at $50 per month up to the date of the judgment, May 4, 1964. Her claim for a lump sum to cover future payments was expressly denied. The findings of the court, in Marie's civil action, contained this paragraph:

"That payment of $50.00 per month to plaintiff for the support of Allan Dennis Aimone, and payment of family allowance of $50.00 per month for the support of Milton Leslie Aimone in due course of adminstration during the minority of said children or until the assets of the estate are depleted would be just and equitable."

Although the court awarded no judgment to Marie Aimone for future installment payments, it did order the administrator as follows:

"That Fred R. Aimone, as administrator of the Estate of Leslie Aimone, deceased, in the due course of administration of said estate, pay to the plaintiff the sum of $50.00 per month for the care, maintenance and support of Allan Dennis Aimone from date of death of Leslie Aimone, October 25, 1962, until said child shall become self supporting, marries, dies, attains the age of 21 years, or leaves the abode of the defendant [plaintiff], whichever shall first occur as heretofore decreed by this Court or until the assets of said estate are exhausted in due course of administration of said estate."

■ We do not construe the foregoing order to the administrator as a judgment. It merely directs the administrator to make monthly payments for Allan; and certain contingencies, including exhaustion of the assets of the estate, would terminate such payments. We therefore say and hold appellant is in error in referring to herself as a "judgment creditor."

At about the same time as the order for the administrator to pay $50 per month for the support of Allan, an order was entered in the probate proceedings allowing $50 per month for the support of Milton, decedent's older minor son, to continue until final distribution of the estate or until further order of the court. This order was entered March 2, 1964.

No appeal was taken from the civil judgment of May 4, 1964, nor from the probate order of March 2, 1964. The matters adjudicated in such civil judgment and probate order therefore became final and were not appealable at the time of appellant's notice of appeal, which was entered January 27, 1970.[3]

We hold the rights of the minor son Milton and the minor son Allan are on an equal basis. There is no material difference in the order for support of Milton and the order for support of Allan. Therefore, the time at which appellant claims the estate was in condition to be closed is immaterial. If the estate had been closed earlier, Milton and Allan would have shared equally.

When the judge entered his May 4, 1964 judgment in Marie's civil action, he stated it would be just and equitable to pay $50 per month for the support of Allan and $50 per month for the support of Milton, until the assets of the estate are depleted. This was actually done and at the time of final settlement nothing remained for distribution. If the estate had been closed sooner, it appears the decedent's widow would have shared in the distribution and Allan as well as Milton would have received less.

There is no basis for saying Allan's interest was prejudiced or depreciated and appellant has failed to show that she or her son were harmed by the estate not being closed sooner.

*Fees*

■ Appellant's second and third assignments have to do with extraordinary fees and travel expenses allowed to the ad-

---

**3.** See Werner v. American Surety Company of New York, Wyo., 423 P.2d 86, 89; In re Werfel's Estate, 116 Cal.App. 2d 167, 253 P.2d 79, 82; and Banc.Prob. Prac.2d § 749.

ministrator and his attorney in defending the estate against the suit, objections and claims of Marie Aimone. The allowance of fees to the administrator and his attorney is generally a matter within the discretion of the probate court. Appellant has cited no authority nor shown any reason for considering the allowances here involved unreasonable or improper, except for the suggestion that § 2–181, W.S.1957, limits the allowance for any extraordinary services to one-half the amount of commission allowed by statute. It is claimed the allowances made exceeded this limitation.

According to the contention of appellant, the commission allowed to the administrator for ordinary services was $451.63; and the allowance for extraordinary services was $300. The $300 would exceed one-half of the ordinary fee by $74.19. As far as attorney fees are concerned, § 2–182, W.S.1957, provides that in all cases where the estate shall be involved in actual litigation the court may, "in its discretion," allow such attorneys greater compensation. No statutory limitation is set.

The Aimone estate was involved in actual litigation in connection with the civil action of Marie Aimone. No showing has been made to us that excessive attorney fees were allowed at the trial court level, in view of the actual litigation.

There still is no provision for attorney fees, for the estate's attorney, in connection with the appeal to our court. Any reasonable allowance for attorney fees on appeal would exceed the $74.19 appellant complains of, or any other amount claimed to be excessive.

Thus, even if a refund of fees allowed by the probate court for the administrator or attorney were ordered, it would not benefit appellant or her son. In other words, if any question did exist concerning fees at the time of the final settlement and distribution, it has now been rendered moot, as far as appellant is concerned, by reason of her appeal.

We find no reason for disturbing the settlement and distribution of the probate court.

Affirmed.