597 P.2d 23

### In the Matter of the ESTATE of Eldon H. BROWN, Deceased.

### Harold Dean BROWN, Appellant,

v.

### Geraldine HALE, Respondent.

### No. 12732.

Supreme Court of Idaho.

June 29, 1979.

Leon R. Weeks, of Weeks, Yost, Brauner, White & Ahrens, Nampa, for appellant.

Roger L. Williams, of Schiller, Williams & Trabert, Nampa, for respondent.

DONALDSON, Justice.

The decedent, Eldon H. Brown, was married to Geraldine Hale, respondent. Elda Jean Brown was the only child born as an issue of their marriage.

On July 3, 1968, the decedent and Geraldine Hale executed a post-nuptial agreement in which the decedent agreed to pay $50 per month for support of their daughter until she attained majority or until "a further or contrary or modifying order of a court of competent jurisdiction." The decedent was granted a decree of divorce on August 24, 1968. Paragraph 3 of that decree ordered the decedent to pay $50 per month child support until the child reached majority or became emancipated sooner. The post-nuptial agreement was admitted into evidence. Paragraph 6 of the decree ratified, approved and confirmed the agreement.

The decedent died on December 30, 1975. His last will and testament acknowledged Elda Jean Brown as his daughter, but devised his entire estate to his second wife unless his second wife did not survive him by five months. In that event, Brown's estate was to be distributed equally among Elda Jean (the only child from his first marriage), his four children from his subsequent marriage and his two stepsons.

The respondent, mother of Elda Jean, filed a creditor's claim seeking payment of child support due at the date of decedent's death as well as future support in the sum of $5,800 until Elda Jean Brown attained 18 years of age. The personal representative of decedent's estate disallowed the claim in its entirety, but prior to a hearing in the magistrate division, the personal representative conceded the validity of the claim for support which accrued prior to the decedent's death. At a hearing in the magistrate division to determine the validity of the creditor's claim for the future child support, the magistrate held that the claim constituted a valid creditor's claim. On appeal the district court upheld the claim for unaccrued future child support. Appellant then brought this appeal.

Many jurisdictions have had occasion to consider the question of whether or not the estate of a child support obligor is required to pay a creditor's claim for unaccrued child support. As one might expect, there is a significant divergence of opinion as to the result which should obtain as well as the reasoning used to justify that result. *See* 18 A.L.R.2d 1126.

At early common law a father had a paramount right to the custody of the children of his marriage and a correlative duty to support those children until they reached the age of majority. *In re Estate of Sweeney v. Merchant's National Bank of Topeka*, 210 Kan. 216, 500 P.2d 56, 66 (1972). The father's duty to support the minor children, however, always terminated at the father's death. 35 Va.L.Rev. 482, 490 (1949).

Today many states follow this common law approach and hold that upon the death of a parent who has been ordered to make payments for the support of a child, the order terminates automatically with respect to payments which would have accrued after death. *See* 18 A.L.R.2d *supra*. These

jurisdictions reason that if a court desires to impose a greater duty than that in existence at common law, there must be express language in an agreement or decree so providing. *In re Estate of Sweeney v. Merchant's National Bank of Topeka, supra.* In the absence of such language, these courts suggest that they have no authority to impose such an obligation on the obligor's estate.

These same jurisdictions consider it illogical to impose a child support obligation on a parent's estate since the effect would be to circumvent in part the long established right of the testator to make an unrestricted disposition of his estate. *Streight v. Streight's Estate*, 226 Or. 386, 360 P.2d 304 (Or.1961). Such an obligation, they argue, invests children of divorced parents, as opposed to children of families where no divorce has occurred, with a preferred status akin to a mandatory right to inherit from a deceased parent, at least to the extent of assured support to and until they attain their majority. Such an obligation would therefore disrupt the general theory of inheritance and interfere with the common rules governing descent and distribution of estates. *Robinson v. Robinson*, 131 W.Va. 160, 50 S.E.2d 455 (1948).

Other arguments advanced in support of non-survival of the child support obligation include the position that survival or non-survival is a policy choice for the legislature to make, rather than the courts, and the suggestion that survival of the obligation would delay the closing of the parent's estate. *Lewis v. Lewis*, 239 Miss. 728, 125 So.2d 286 (1960).

With the increased incidence of divorce in our society, other jurisdictions have questioned the propriety of applying the common law doctrine to present day situations. This is because when parents obtain a divorce and one parent takes custody of the children, the likelihood of an embittered or disinterested parent disinheriting a child in the other spouse's custody increases. *Hornung v. The Estate of Lagerquist*, 155 Mont. 412, 473 P.2d 541, 545 (1970). While it is true that the common law doctrine in effect permits a parent to disinherit a child, there is no great danger that a parent would exercise this arbitrary right so long as the family unit remained intact.

Because of the greater likelihood of a divorced father leaving a child without financial protection or security, these jurisdictions have held that the death of the husband does not discharge or terminate an order in a divorce decree or provision in a property settlement agreement obligating the husband to pay a certain sum periodically for the support of a minor unless a contrary intention is clearly expressed. *Taylor v. George*, 34 Cal.2d 552, 212 P.2d 505 (1949); *West v. West*, 241 Mich. 679, 217 N.W. 924 (1928); *Spencer v. Spencer*, 165 Neb. 675, 87 N.W.2d 212 (1957); *Hill v. Matthews*, 76 N.M. 474, 416 P.2d 144 (1966); *Morris v. Henry*, 193 Va. 631, 70 S.E.2d 417 (1952); *Caldwell v. Caldwell*, 5 Wis.2d 146, 92 N.W.2d 356 (1958); *Edelman v. Edelman*, 65 Wyo. 271, 199 P.2d 840 (1948). These jurisdictions acknowledge the need for striking a balance between infringing upon the parent's right to disinherit his/her child (the strongest argument in favor of non-survival) against the protection to be afforded the minor children of divorced parents (the strongest argument in favor of survival). Invariably, and not unpredictably, these courts consider the latter more important than the former.

In this case, there is only an agreement and a decree based on that agreement both of which merely recite a parental obligation to pay child support during the minority of the child (children) or until further order of the court. Such language does not create a valid creditor's claim against the child support obligor's estate. *In re Estate of Sweeney, supra; Streight v. Streight, supra.* Since it is not before us, we do not consider whether or not an agreement and a decree based on that agreement which contains express language that imposes upon a parent a greater duty of child support than that imposed at common law, is an obligation which survives the death of the obligor

and constitutes a valid claim against the decedent's estate.[1]

The district court's decision on appeal affirming the magistrate's determination that the petitioner's claim for future child support payments accruing after the death of Eldon H. Brown constituted a valid creditor's claim against the decedent's estate is reversed.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and SCOGGIN, J., pro tem., concur.

---

1. We note that the Idaho Legislature has enacted legislation concerning this area before by adopting I.C. § 15–2–403. That section indicates that minor children of a first marriage as well as minor children of a subsequent marriage are both entitled to a reasonable allowance in money out of the decedent's estate for their maintenance during the period of administration assuming that the decedent was obligated to support the children or was in fact supporting them. Such allowance may not continue for longer than one year if the estate is inadequate to discharge allowed claims.