Argued September 12, affirmed October 24, 1950

IN THE MATTER OF THE ESTATE OF LILLIE LELA MOORE, DECEASED

HINDMAN ET AL. *v.* U. S. OF AMERICA.

223 P. (2d) 393

*R. L. Whipple* argued the cause for appellants. With him on the brief was Dexter Rice, both of Roseburg.

*John R. Brooke,* Assistant United States Attorney, argued the cause for respondent. On the brief were Henry L. Hess, United States Attorney, and Gene B. Conklin and Floyd D. Hamilton, Assistant United States Attorneys, all of Portland.

*Goldsmith, Siegel & Goldsmith,* of Portland, filed a brief as amici curiae.

Before BRAND, Acting Chief Justice, BAILEY, HAY, LATOURETTE and WARNER, Justices.

HAY, J.

This case presents for consideration the question whether or not the United States of America is competent to take property by devise in the state of Oregon.

Lillie Lela Moore died in Douglas County, Oregon, on May 14, 1940, leaving a will which was admitted to probate in the county court for said county on May 23, 1940. In her will the testatrix, after making several small bequests, devised and bequeathed the residue of her estate, both real and personal, to "the Government of the United States of America". The estate was appraised at about $15,000.

On May 14, 1941, the testatrix's heirs at law, who are her nephews and nieces, petitioned said county court to decree that the devise and bequest to the United States is null and void, on the grounds (a) that the United States has no right, power or authority to accept such devise and bequest, and (b) that the United States has not accepted said devise and bequest, "although a reasonable time to do so has long since elapsed and expired".

On June 20, 1941, the United States petitioned said court for an order directing the executor of said estate to proceed with the closing of the estate and the distribution of the assets thereof as in said will provided.

On July 11, 1941, the heirs at law answered the petition of the United States, and, for affirmative answer, contested the right of the United States to take under the residuary devise and bequest, upon the same grounds as set forth in the petition of said heirs theretofore filed.

On April 9, 1943, the county court on its own motion transferred the matter to the circuit court for Douglas County. On April 30, 1949, the circuit court entered its decree dismissing the contest of the heirs at law, and declaring that the residuary devise and bequest in favor of the United States was valid, and that the United States should have a reasonable time thereafter

to accept the same. From this decree the heirs at law have appealed to this court.

■ The heirs contend that § 18, article I of the Oregon constitution, which provides that private property shall not be taken for public use without just compensation, "automatically excludes the granting of property" to the government by will or gift. It should require no argument to show that the cited section has reference only to a "taking" under the power of eminent domain, and has nothing whatever to do with taking of title to real property by devise.

The validity of a devise of lands to the United States is to be determined by the law of the state in which the lands are situated. *Clark v. Graham*, 6 Wheat. 577, 579, 19 U. S. 577, 579; *McCormick v. Sullivant*, 10 Wheat. 192, 202, 23 U. S. 192, 202; *Darby v. Mayer*, 10 Wheat. 465, 23 U. S. 465; *United States v. Fox*, 94 U. S. 315, 320; 24 L. Ed. 192.

By the law of Oregon as it was when this will was executed, every person of lawful age was competent to devise and bequeath his property by last will to whomsoever he pleased. § 18-101, O. C. L. A. This he might do without regard to natural claims upon his bounty. *Turner's Will*, 51 Or. 1, 8, 93 P. 461; *Holman's Will*, 42 Or. 345, 356, 70 P. 908. (See, however, Chap. 475, Oregon Laws 1949, giving surviving spouse of testator a right to take under or against the will.)

■■ It is fundamental that the right to take property by devise exists only "by grace of the statute". *Leet v. Barr, et al.*, 104 Or. 32, 39, 202 P. 414, 206 P. 548. In the case of devises to corporations the capacity of the devisee to take may be restricted, either by force of a general statute, or by limitations against a taking for purposes wholly foreign to the objects for which the

corporation was organized. 19 C. J. S. Corporations, § 1088e (1) (a), p. 631; *Rivanna Navigation Co. v. Dawsons*, 3 Gratt. (44 Va.) 19, 46 Am. Dec. 183, 184.

No serious contention is made that the United States does not have the capacity to take money or personalty by gift or bequest. The argument is centered upon the proposition that, under the laws of Oregon, the testatrix did not have power to devise real property to the United States. In this connection, it is insisted that the limitation on the power to devise real property to bodies corporate or politic contained in the English Statute of Wills, 34-35 Henry VIII, c. 5, is a part of the law of Oregon.

There can be no question, of course, but that the United States is a body politic, but that it is such a body "politick" as was prohibited by the English Statute of Wills from taking by devise may be seriously questioned. The king, it is true, was for some purposes regarded as a corporation sole. 1 Bl. Comm. 469. He was so regarded in order "to prevent in general the possibility of an *interregnum* or vacancy of the throne, and to preserve the possessions of the crown entire". Id., 470. But the king, at least in the sixteenth century, was not identified with the state. "He and his subjects together were the 'great corporation or body politick of the kingdom'." Holdsworth, History of English Law, IV, 203. The king had both a natural and a politic capacity, Id. 202, and we have been unable to find any suggestion in the books that, in his natural capacity, he was forbidden by law to take property by gift, bequest or devise. It was held in *United States v. Fox*, supra (94 U. S. 315, 321, 24 L. Ed. 192), that the English Statute of Wills became a part of the law of New York upon the adoption of her constitution in 1777. The

New York statute of wills provided that a devise of lands might be made "to any person capable by law of holding real estate; but no devise to a corporation shall be valid unless such corporation be expressly authorized by its charter or by statute to take by devise." It was held, however, that the term "person" as there used applied to natural persons, and to artificial persons,—bodies politic, deriving their existence and powers from legislation—, but could not be so extended as to include within its meaning the federal government, and that it would require an express definition to that effect to give it a sense thus extended. In this country generally the statutes of mortmain have not been reenacted or, except in Pennsylvania, received as a part of the common law. 2 Kent's Commentaries, 14th Ed., p. 437; Rood on Wills, 2d Ed., p. 158, §§ 198, 199; 19 C. J. S., Corporations, p. 638, § 1089b (2). Even in England the incapacity of corporations to take by devise has been removed by the Statute of Wills, 1 Vic. c. 26. Rood on Wills, 2d Ed., p. 157, § 197.

■ There are few statutory restrictions in the United States against the taking of real property by public corporations by devise. Rood on Wills, 2d Ed., p. 159, § 200. In the absence of statutory or constitutional prohibition a sovereign state may be a beneficiary under a will. 68 C. J., Wills, p. 527, § 146; 57 Am. Jur., Wills, p. 142, § 157. In *Vestal et al. v. Pickering, et al.,* 125 Or. 553, 555, 267 P. 821, the opinion took note of the fact that there was no Oregon statute prohibiting the state from receiving property by will. The case had to do with a testamentary disposition of property to a school district and it was held that so long as the operations of the district were limited to the maintenance and support of the schools the district was not

exceeding its powers by receiving such a devise, though
its capacity to receive it was not expressly mentioned
in the statute. Counsel for the heirs at law maintain
that, as the United States is a government of limited
powers, its authority to take title to real property by
devise must be found in the constitution or necessarily
implied from the powers directly granted therein. It
would appear that they believe that, if the United
States should accept the devise in the present case,
it would be holding property "for private or personal
purposes", whereas all of its property and revenues
must be held and applied "to pay the debts and provide
for the common defense and general welfare of the
United States." *Van Brocklin v. State of Tennessee,
et al.,* 117 U. S. 151, 158, 29 L. Ed. 845.

■ We have held that by force of our constitution
and statutes (§ 7, Art. XVIII, Oregon Const.; Law of
Oregon, 1843-1849, p. 100) the common law of Eng-
land, modified and amended by English statutes, as
it existed at the time of the American Revolution, was
adopted and is in force in this state, as far as it was
general and not local in its nature, was applicable to
the conditions of the people, and was not incompatible
with the nature of our political institutions, or in con-
flict with the constitution and laws of the United States
or of this state. *United States F. & G. Co. v. Bramwell,*
108 Or. 261, 217 P. 332, 32 A. L. R. 829, 833; *Peery v.
Fletcher,* 93 Or. 43, 53, 182 P. 143; *Fidelity & Deposit
Co. v. State Bank of Portland,* 117 Or. 1, 5, 242 P. 823;
*Re Water Rights of Hood River,* 114 Or. 112, 166, 227
P. 1065. The English statutes of mortmain, including
the Statute of Wills of Henry VIII, as far as they
inhibited public corporations from taking real prop-
erty by devise, were local in character, and intended

to remedy a mischief in England. 14a C. J., Corporations, p. 509, § 2391; 19 C. J. S., Corporations, p. 639, § 1089b (2). They were not applicable to the conditions of our people, and were incompatible with the nature of our political institutions. Moreover, our own statute of wills would appear to have been adopted as a complete code covering the subject of wills. (An act relating to wills, effective May 1, 1854, Deady, General Laws of Oregon, 1845-1864, p. 936; §§ 18-101–18-703, inc., O. C. L. A.) Such purpose being manifest from its terms, the statute itself is evidence of a legislative intent to repeal the common law provisions upon the same subject. *Silver Falls Timber Co. v. Eastern & Western Lumber Co.*, 149 Or. 126, 150, 40 P. 2d 703; *Nadstanek v. Trask*, 130 Or. 669, 680, 281 P. 840.

In *Dickson v. United States*, 125 Mass. 311, 28 Am. Rep. 230, it appeared that a citizen of Massachusetts had devised and bequeathed the residue of his estate to the United States in the following terms: "Wishing to contribute my mite towards suppressing the rebellion and restoring the Union, I give and devise the rest and residue of my estate to the United States of America." The residue comprised both personal property and land, the land being situated in Massachusetts and in another state. On a bill in equity by the executors to obtain instructions of the court, it was held that the devise and bequest were absolute; that the fact that the rebellion had been suppressed before the death of the testator was immaterial; that there was nothing in the law of Massachusetts to prevent the United States from taking by devise or bequest; that the property, when received by the United States, must doubtless be applied to public purposes authorized by the constitution and laws; and that the right to receive

such property, voluntarily contributed, was a capacity belonging to the United States as a body politic and an incident to the right of sovereignty. The court quoted with approval the following passage from *Cotton v. United States,* 11 Howard 229, 231, 52 U. S. 229, 231; "Every sovereign State is of necessity a body politic, or artificial person, and as such capable of making contracts and holding property, both real and personal."

Counsel amici curiae place emphasis upon the recent case of *In re Burnison's Estate,* Cal. App. 196 P. 2d 822, affirmed *sub nom. United States v. Burnison,* 339 U. S. 87, L. Ed., 70 S. Ct. 503. In that case a testator bequeathed "all I own & possess to The United States government U. S. A." His heirs contested such disposition of the estate, on the ground that the United States could not be a beneficiary under the law of California. Section 27 of the probate code of California reads as follows:

"A testamentary disposition may be made to the state, to counties, to municipal corporations, to natural persons capable by law of taking the property, to unincorporated religious, benevolent or fraternal societies or associations or lodges or branches thereof, and to corporations formed for religious, scientific, literary, or solely educational or hospital or sanatorium purposes, or primarily for the public preservation of forests and natural scenery, or to maintain public libraries, museums or art galleries, or for similar public purposes. No other corporation can take under a will, unless expressly authorized by statute."

The Supreme Court of California adhered to the general rule that the right to make a testamentary disposition of property is not an inherent right, but one derived entirely from the statute. It was of the opinion

that the question before it was simply whether or not the United States *eo nomine* can take by will under the California statute. It held that the statute contains definite restrictions as to who may be devisees or legatees under a will; that the word "state" as used in the statute does not include the United States; and that a devise to the United States is invalid. On appeal, the Supreme Court of the United States held that the construction of the California code by the California Supreme Court was binding upon it. The court observed, however, that it had "no doubt that the receipt of gifts, testamentary and nontestamentary, is within the ambit of federal powers. Uninterrupted usage from the foundation of the Government has sanctioned it."

■ Counsel for the government suggest that the Secretary of the Treasury is the officer whose department has the constitutional authority to represent the government in the present case. We agree. 1 Stat. 65. See also 53 Stat. 753, authorizing the Secretary of the Treasury to accept certain real estate devised to the United States, and 40 U. S. C. A., § 304, authorizing the Secretary of the Treasury "to sell such lands as have been or may be acquired by the United States by devise".

Counsel for the government argue that, the constitution and laws enacted in pursuance thereof being the supreme law of the land, a holding that the United States cannot take property by devise or bequest would unlawfully discriminate against the United States in violation of article VI of the United States Constitution. The same argument was implied on the part of the government in *United States v. Fox,* supra (94 U. S. 315, 24 L. Ed. 192), and was definitely asserted in *United*

*States v. Burnison,* supra (339 U. S. 87, 90). In both cases the argument was rejected. In *Irving Trust Co. v. Day,* 314 U. S. 556, 86 L. Ed. 452, 62 S. Ct. 398, 137 A. L. R. 1093, 1098, it was held that nothing in the federal constitution forbids the legislature of a state to limit, condition, or even abolish the power of testamentary disposition over property within its jurisdiction.

■ The devise to the United States is not void for non-acceptance by the devisee within a reasonable time. Counsel, contending to the contrary, rely upon an opinion of the Attorney General of the United States, 39 Opin. Att. Gen., 1937-1940, p. 377, in which he ruled as follows:

"Devises to the United States, permitted by local law but coming within no Federal statute, are sometimes made, and in connection therewith this Department enters appearances in the courts to protect the interests of the Government with the understanding, however, expressly stated when the question is raised, that acceptance or rejection is dependent upon the Congress and that the Congress is entitled to a reasonable time within which to act."

In the present case, the will was admitted to probate May 23, 1940, and on June 20, 1941, the United States, through its attorney for the District of Oregon, appeared in the probate proceedings by petition for distribution of the residue of the estate to the United States. This, we hold, was a timely indication of acceptance, or at least of nonrejection.

■ Of course, the devise to the United States could have been renounced or rejected, but, being one which was beneficial to the devisee, and being coupled with no onerous exactions, there is a presumption that it

was accepted. 57 Am. Jur., Wills, p. 1072, § 1569; 69 C. J., Wills, p. 969, § 2161; *Ft. Leavenworth R. R. Co. v. Lowe,* 114 U. S. 525, 528, 29 L. Ed. 264, 5 S. Ct. 995; Annotation, 123 A. L. R. 262. Such presumption, however, is not conclusive, but it casts upon the adverse parties the duty of going forward with evidence in support of·their contention. 4 Page on Wills, Lifetime Ed., p. 146, § 1407; 57 Am. Jur., Wills, p. 1072, § 1569. There is no evidence before us of any rejection of the devise by the United States.

■ This court has held that title to all realty passes upon the death of the owner to his devisees in the event that he died testate, otherwise to his heirs, subject only to the right of the executor or administrator to possession thereof for the payment of debts and bequests of the decedent. *Blake v. Blake,* 147 Or. 43, 49, 31 P. 2d 768, and authorities therein cited; § 19-301, O. C. L. A., and § 19-1202, O. C. L. A. as amended by Chap. 389, Oregon Laws 1947.

■ The doctrine of laches is invoked against the United States for having failed to make timely assertion of its rights in the premises. By the weight of authority, laches is not imputable against the government, state or national, in a proceeding by it to protect a public interest. *State v. Vincent,* 152 Or. 205, 214, 52 P. 2d 203; *United States v. Summerlin,* 310 U. S. 414, 416, 84 L. Ed. 1283, 60 S. Ct. 1019. And, in any event, the United States has, throughout the period of probate and of this litigation, shown due diligence in the assertion of its rights under the will. On the record before us, the presumption that the United States has accepted the devise and bequest in its favor stands undisputed.

■ Counsel for the government suggest that the decree should be modified so as not to require an accept-

ance by the United States of the devise and bequest in its favor, and so as to require the executor to proceed forthwith to distribute the assets of the estate. But the United States did not appeal from the decree, and is presumed therefore to be satisfied therewith. *John-son v. Prineville,* 100 Or. 105, 118, 196 P. 817.

We find no error on the record. The decree is affirmed. No costs will be allowed to any party.