Richard T. WILKINSON and Wavel B. Wilkinson, individually and as co-executors of the Estate of Frank Wilkinson, Deceased, Virginia Wilkinson, Shirley Wilkinson Rugg and George R. Rugg, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 249-59.

United States District Court
D. Oregon.

Dec. 7, 1960.

Koerner, Young, McColloch & Dezendorf; Oglesby H. Young, Portland, Or., for plaintiffs.

C. E. Luckey, U. S. Atty., Victor E. Harr, Asst. U. S. Atty., Portland, Or., for defendant.

KILKENNY, District Judge.

Action by plaintiffs against defendant under Federal Tort Claims Act, 28 U.S. C.A. §§ 1346, 2671–2680, for damages allegedly sustained as the result of negligence of the defendant.

On September 13, 1957 and for many years prior thereto decedent Frank Wilkinson was the owner of certain real property located adjacent to certain real property owned by the defendant in Morrow County, Oregon. The real property owned by defendant was used by it as a bombing range and on June 6, 1958, a fire caused by defendant's explosion of bombs on defendant's property caused a fire which escaped from said range and burned the foliage and certain other property which had been owned by decedent and also destroyed the grasses on certain lands on which decedent held grazing privileges by reason of grazing permits issued to him under the Act of June 28, 1934, 43 U.S.C.A. § 315. The most recent of said permits was dated the 26th day of August, 1952, and was to expire on June 30, 1962. Defendant concedes its negligence in starting such fire and permitting it to spread to plaintiffs' land. The court has already fixed the amount of the damages to be awarded to the decedent's executors for the destruction of the grasses and other property on the lands owned by decedent, but reserved for decision the questions of law and fact as to whether the defendant was liable for the destruction of the foliage on lands owned or controlled by it but on which decedent had the grazing privileges as aforesaid under what is commonly known as the Taylor Grazing Act.

Under the provisions of 43 U.S.C.A. § 315(a) the Secretary of the Interior is given broad powers to make rules and regulations and establish such service and to do any and all things necessary to accomplish the purpose of the Act. Under this grant of power the Secretary promulgated a Federal Range Code which was made effective on June 16, 1954, 43 CFR 161.7 (Circular 1948, Dec.1954). This particular section of the Code provided that all permits issued would terminate upon a transfer of the base property by operation of law or testamentary disposition. The section reads:

§ 161.7(a) "Transfer of base property; effect. (1) A transfer

of a base property or part thereof, whether by agreement, *operation of law,* or *testamentary disposition* will entitle the transferee, if qualified under § 161.3(a), to so much of the grazing privileges as is based thereon. *In any event the original* license or *permit will be terminated* or decreased *to the extent of such transfer."* (Emphasis added.)

██ Such rules and regulations are given the force and effect of law. Public Utilities Commission v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470; United States v. Short, 9 Cir., 1956, 240 F.2d 292; United States v. Ansani, 7 Cir., 1957, 240 F.2d 216, certiorari denied 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759, rehearing denied 353 U.S. 978, 77 S.Ct. 1055, 1 L.Ed.2d 1139; Montana Eastern Limited v. United States, 9 Cir., 1938, 95 F.2d 897. The law existing at the time and place of the making of the permit agreement is as much a part thereof as though it were expressed therein. Farmers & Merchants Bank of Monroe v. Federal Reserve Bank, 262 U.S. 649, 43 S.Ct. 651, 67 L.Ed. 1157; Antoni v. Greenhow, 107 U.S. 769, 2 S.Ct. 91, 27 L. Ed. 468; Connecticut Mutual Life Insurance Co. v. Cushman, 108 U.S. 51, 2 S.Ct. 236, 27 L.Ed. 648. It is clear that the regulation providing for the termination of the permit on the transfer of the base property was read into and became part of the permit agreement between the defendant and the decedent.

██ The title to the base property of the decedent was immediately transferred on decedent's death to the devisees under his will. Blake v. Blake, 147 Or. 43, 31 P.2d 768; In re Estate of Moore, 190 Or. 63, 223 P.2d 393; Erickson v. Palmer, 211 Or. 342, 315 P.2d 164. This passage of title is subject only to the right of the executor or administrator to possession for the payment of debts and bequests of the decedent. The fire occurred after decedent's death and before an application was made for a transfer or for a new permit. It would be only those who received title to the base property under the provisions of the will who would be entitled to make application for a new permit. This evidently was recognized by the plaintiffs, in that they made a new application for a permit on December 25, 1958. If the original permit was terminated on the death of the decedent, and I so hold, there was no permit in effect at the time of the fire.

██ Plaintiffs argue that the District Range Manager permitted plaintiffs to proceed as if the permit had never been terminated and that they acquired rights by reason of such action on the part of said Manager. No official of the government is empowered to grant grazing rights on public property without authority from Congress. United States v. West, 9 Cir., 1956, 232 F.2d 694. The regulations provided a procedure which could have been followed by those who acquired the base property under the will of the decedent. No such action was taken prior to the fire. As of that date, plaintiffs had no legal right or claim to the foliage on said lands owned by defendant. One dealing with the government is chargeable with notice of all statutory provisions and statutory limitations which may be placed on the powers of a public official and takes the risk of dealing with such an official if he acts beyond his powers. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 11, 92 L.Ed. 10; United States v. Jones, 9 Cir., 1949, 176 F.2d 278.

Cases such as Red Canyon Sheep Company v. Ickes, 1938, 69 App.D.C. 27, 98 F.2d 308; Oman v. United States, 10 Cir., 1949, 179 F.2d 738, and Hatahley v. United States, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065, are readily distinguishable. None of those cases involved a permit which had been terminated by operation of law, and none involved a case where no effort was made by the base property owners, such as the decedent's devisees, to secure a transfer of the permit before the damage occurred. Garcia v. Sumrall, 58 Ariz. 526, 121 P.2d 640, is of no help. That case involved an action for wilful trespass against a third party. In that case the permit was in full force and effect.

I find in favor of the defendant on both the facts and the law on this segregated issue. Findings and judgment conforming to my decision from the bench and this opinion shall be prepared, served and presented.