Argued February 16, affirmed March 15, 1961

## STREIGHT *v.* STREIGHT

360 P. 2d 304

*Frank A. Bauman,* Portland, argued the cause for appellant. On the brief were Veatch, Bauman & Lovett, Portland.

*Mervin W. Brink,* Hillsboro, argued the cause for respondent. On the brief were Schwenn, Brink & Huffman, Hillsboro.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

WARNER, J.

Lois Dean Streight, plaintiff, and Estel M. Streight were divorced in February, 1955. The decree granted

custody of their four minor children to their mother and required the defendant father to pay $150 a month as support for all of them.

Estel M. Streight remarried and died sometime prior to July, 1959. His will left his entire estate to his last wife. The decedent had fully complied with the terms of the decree up to the time of his death.

Plaintiff filed a claim against her late husband's estate in behalf of her children, wherein she sought an order setting aside a sum equivalent to the present value of an amount sufficient to provide monthly payments for the children at the rate of $150 a month until the youngest child reaches his majority. From an order denying the claim, plaintiff appeals.

The facts are stipulated, leaving to our consideration only the determination of the legality of plaintiff's claim.

■ As a preliminary to our conclusions we first take notice of the long and firmly-established public policy of this jurisdiction to give great latitude to a testator in the final disposition of his estate.

In 1853 the legislature conferred upon every person of qualified age and sound mind the right to devise and bequeath all his estate, real and personal, saving such as is specially reserved by law to the decedent's spouse. ORS 114.020.

This statutory freedom of testamentary disposition is emphasized in the oft-repeated statement of Mr. Justice WOLVERTON, found at page 356, in Holman's Will (1902), 42 Or 345, 70 P 908:

> "The right of one's absolute domination over his property is sacred and inviolable, so that he may do what he will with his own, if it is not to the injury of another. He may bestow it whithersoever he will and upon whomsoever he pleases, and

this without regard to natural or legitimate claims upon his bounty; \* \* \* and the right to dispose of one's property by will, and bestow it upon whomsoever he likes, is a most valuable incident to ownership, and does not depend upon its judicious use: \* \* \* [citations]. And this court has held, in effect, that 'while it seems harsh and cruel that a parent should disinherit one of his children and devise his property to others, or cut them all off and devise it to strangers, from some unworthy motive, yet so long as that motive, whether from pride or aversion or spite or prejudice, is not resolvable into mental perversion, no court can interfere': \* \* \*."

The rule as stated by Justice WOLVERTON has since been consistently followed. *Detsch v. Detsch, Admr.,* 191 Or 161, 170, 229 P2d 264; *In re Estate of Moore,* 190 Or 63, 67, 223 P2d 393; *In re Estate of Verd Hill,* 198 Or 307, 315, 256 P2d 735; *U. S. Bank of Portland v. Snodgrass,* 202 Or 530, 275 P2d 860, 60 ALR2d 725.

Plaintiff argues that under ORS 107.100 (1)(b), reading:

"(1) Whenever a marriage is declared void or dissolved, the court has power further to decree as follows:

"\* \* \* \* \*

"(b) For the recovery from the party at fault, and not allowed the care and custody of such children, such amount of money, in gross or in instalments, or both, as may be just and proper for such party to contribute toward the nurture and education of such children,"

a provision for the nurture and education of minor children creates a personal liability upon the party at fault which does not terminate with death but becomes a liability against his estate as to all amounts which may accrue in the future.

In support plaintiff relies solely upon *Mansfield v. Hill* (1910), 56 Or 400, 107 P 741, 108 P 1007. In 1943 it was overruled by *Prime v. Prime,* 172 Or 34, 53, 139 P2d 550, although plaintiff contends to the contrary.

In Mansfield, supra, we find a factual situation similar to the one presented by this appeal. There, a divorced father of two small children was obligated under the decree to make payments of $15 per month for their support. Later, he executed a will leaving his entire estate to his mother. Upon his death, his former wife filed a claim against his estate similar to the one filed by the plaintiff here. The lower court found for the children. This judgment was affirmed by this court, speaking through EAKIN, J., who said at page 409:

> "That part of the decree in the divorce suit is a personal liability of defendant, but did not terminate at his death, as held by the lower court. It is a continuing liability against his estate * * *.
>
> "* * * * *
>
> "This statute [§ 513, B & C Code, and presently § 107.100, ORS] contemplates that the provision shall be such as will provide for the children according to their station in life as long as they may need it, if defendant is of sufficient financial ability to do so, and the effect of such an order as was made in this case does not necessarily terminate with the death of the defendant, but may be enforced against his estate. It is so held in *Miller v. Miller,* 64 Me. 484, and in *Creyts v. Creyts,* 143 Mich. 375 (106 N. W. 1111: 114 Am. St. Rep. 656). * * *"

The opinion in the Prime case was written by BRAND, J. Concerning the Mansfield case, cited by one of the parties in Prime, he observed:

> "* * * As a matter of construction *Mansfield*

*v. Hill* [56 Or 400] is wrong and must be overruled, there being no clear expression of intention to bind the estate. As a matter of substantive law and under our statute, the decision is of doubtful validity. The estate of a deceased husband is not generally liable for the support of minor children. They may be disinherited by his will. Whence comes a power to bind that estate? The only authorities cited by Mr. Justice Eakin in *Mansfield v. Hill* [Miller v. Miller, 64 Me 484; Creyts v. Creyts, 143 Mich 375, 106 NW 1111] were based on statutes wholly dissimilar to ours and which authorized alimony 'out of the estate' of the husband. * * *" (172 Or at 53)

We adhere to the conclusions concerning Mansfield as found in *Prime v. Prime,* supra.

■ We also find that the majority of the states which have been confronted with the question hold that on the death of a parent who has been ordered to make payments for the support of a child such order terminates automatically with respect to payments which would have accrued after such death. This is true, at least, where the court has not, pursuant to the agreement of the parties, in effect ordered that the payment shall not be affected by the parent's death. See 18 ALR2d 1126, 1960 Annos supplemental thereto, at 1573, and 1961 supplemental Annos, at 260; and 17A Am Jur 52, Divorce and Separation, § 865.

If we follow plaintiff's argument to its ultimate conclusion, we would find ourselves in the position of circumventing in part the long-established right of testator to make an unrestricted disposition of his estate. To accomplish the end which plaintiff seeks to attain would require a strained and unnatural construction of ORS 107.100(1)(b), the effect of which would be to invest children of divorced parents with

a preferred status akin to a mandatory right to inherit from a deceased father, at least to the extent of assured support to and until they attain their majority. Such a privilege is one not enjoyed by children of families where the marital ties have not been dissolved. This we decline to do. If such a change in public policy seems warranted, then its proponents should address the legislature.

The decree is affirmed. The parties will pay their own costs.