## WILL H. BARBER, Deceased and GRACE S. BARBER v. DEPARTMENT OF REVENUE

J. Ray Rhoten, Rhoten, Rhoten & Speerstra, Salem, represented plaintiff.

Donald C. Seymour, Assistant Attorney General, Salem, represented defendant.

Decision sustaining defendant's Demurrer rendered October 30, 1973.

CARLISLE B. ROBERTS, Judge.

Plaintiff has appealed from defendant's Order No. PTR 73-21 which denied property tax relief to the Estate of William H. Barber, deceased, for the tax year 1971-1972 because no property tax relief application had been made by the taxpayer as required by ORS 310.630-310.710 (popularly known as the "Homeowners' Property Tax Relief Act of 1971").

During the calendar year 1971, the taxpayer, Will H. Barber, together with his wife, Grace S. Barber, lived in a personal residence which qualified as a homestead. Mr. Barber died testate on or about March 6, 1972, devising the property to his wife. Mrs. Barber was duly appointed personal representative of the

estate and, prior to April 15, 1972, she made application for the property tax relief described in ORS 310.640, executing the application as the "administratrix" of the estate of Will H. Barber, deceased. (See ORS 111.005 (26).)

There appears to be no dispute that Mr. Barber was the "taxpayer" as to the property (see ORS 310.630 (7)), that the relief sought was for property taxes levied in the calendar year immediately preceding the year in which Mrs. Barber filed the claim (see ORS 310.640 (4) (a)) and that the limitations of household income would have been met (ORS 310.640) if the application had been signed by Mr. Barber and filed on or before April 15, 1972 (ORS 310.657). The question before the court, therefore, is whether the application filed by Mrs. Barber for the estate constituted a valid application.

The legislature gave thought to and made provision for the filing of a claim by an agent or a guardian, utilizing the following language in ORS 310.672:

> "If the taxpayer is unable to submit his own claim, the claim shall be submitted by a duly authorized agent or by a guardian or other person charged with the care of the person or property of such taxpayer."

However, the quoted section appears to have no application in this case. Mr. Barber was the "taxpayer"; Mrs. Barber did not have even a dower right in the property prior to her husband's death (see ORS 112.685 and 114.005). If she had been a "duly authorized agent" of Mr. Barber, the agency was terminated upon his death, which occurred prior to the filing of the claim. Obviously, Mrs. Barber was not the guardian of the person of Mr. Barber at the time of filing the

claim nor was she the guardian of the "property of such taxpayer," inasmuch as her status was that of the personal representative of the decedent's estate. A decedent's estate is a legal entity separate and apart from the decedent. (See ORS ch 114.) The real property vests in the heir on decedent's death. ORS 114.215; *In re Estate of Moore,* 190 Or 63, 75, 223 P2d 393 (1950). The wife took the subject property by devise on the decedent's death, but she was not then the "taxpayer" required by the relief statute.

Plaintiff's counsel, in his argument, relied on "the right [of application by a taxpayer] accrued on January 1, that is, the right was granted as of January 1," before the taxpayer's death. No acceptable authority was cited for this proposition. The claim filed by Mrs. Barber on behalf of her deceased husband was not authorized under ORS 310.672 and it could not be authorized merely on the ground that Mrs. Barber, as personal representative of the estate, was entitled to make a claim. The statute offers a privilege to the taxpayer but the decedent had no property rights in the privilege; it did not even reach the dignity of a chose in action (defined as a personal right not reduced into possession but recoverable by a suit at law). See *Creighton v. County of Pope,* 386 Ill 468, 54 NE2d 543 (1944); Annot, 153 ALR 810 (1944). There appears in the pertinent statutes no suggestion of legislative intent to enrich a decedent's estate.

The decision is made emotionally difficult by consideration of the argument by plaintiff's counsel that decedent's widow, except for being the "taxpayer" for the calendar year 1970, was as eligible as her deceased husband for the benefits of the 1971 statute in the tax year 1971-1972. However, legislative intent must con-

trol. No specific relief is granted by the statute to a deceased taxpayer's spouse, devisee, "household" (see ORS 310.630 (4) (a)) or personal representative. For the court to depart from the letter of the law under an argument couched in terms of the alleged "spirit and purpose of the enactment" would be a legislative act if the departure's boundaries cannot be defined.

The demurrer is sustained and the plaintiff is given ten (10) days in which to plead further.