Argued and submitted June 5, affirmed August 25, 1980

DEMENT,
*Appellant,*
*v.*
DEMENT,
*Respondent.*

(No. 79-1026, CA 16142)

615 P2d 1136

Douglas R. Wilkinson, Madras, argued the cause for appellant. With him on the briefs was Rodriguez, Glenn & Wilkinson, Madras.

Lawrence F. Finneran, Coos Bay, argued the cause for respondent. With him on the brief was Rossi, Lesan & Johansen, Coos Bay.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

## THORNTON, J.

This is a suit for specific performance of a provision in a property settlement agreement calling for payment of $200 per month to plaintiff (the former wife) until she dies or remarries. The former husband died and a claim for this amount was filed against his estate which was denied by defendant, the personal representative of the estate. Thereafter, this suit was filed and was tried to the court on stipulated facts. Defendant counterclaimed for return of $600 in advance payment made prior to the husband's death. The trial court held that the agreement evidenced the intent of the parties that the agreement be made part of any subsequent divorce decree and that, therefore, it was made in contemplation of the rule of law applicable to divorce decrees which holds that an obligation to pay spousal support terminates at the death of the obligor and is not assertable against his or her estate. He ordered plaintiff to return the $600 in excess payments. We affirm.

The property settlement agreement was entered into on June 18, 1965, at which time the parties were living separately but were not divorced. On July 12, 1972, a decree dissolving the parties' marriage was entered which provided in part:

" * * * that there are no property rights to be settled between the parties, they having heretofore settled their property matters between themselves."

The pertinent portions of the property settlement agreement are set forth in the margin.[1] Basically, it provided for a complete distribution of the parties' "marital and property rights," including substantial real property and cash holdings. It provided for the custody and support of the couple's two minor children. The provision in question reads:

---

1    "* * * * *

" 1. It is agreed that this agreement shall constitute a full and complete settlement between the parties of their marital and property

[1049]

"The Husband agrees to pay to the Wife as and for her support and maintenance, the sum of $200.00 per month until the date of her death or re-marriage, whichever is the first to occur."

Finally, it provides that, if either party sought a divorce, that party would request that the terms of the agreement be incorporated into the final dissolution decree.

1. *The decree of dissolution in this case did not incorporate the property settlement agreement.*

*Hagen v. Hagen,* 193 Or 369, 238 P2d 747 (1951), involved the question of whether a property settlement agreement had been incorporated into the subsequent dissolution decree. There the court stated:

"* * * We hold that since the terms of the property settlement did not appear in the pleadings and were not set forth in the decree, and since there

---

rights, and each party hereto agrees that the disposition of the property as made herein is acceptable to each as his or her full share of any interest that either may have in their jointly held property.

"* * * * *

" 6. It is further agreed that the Husband will deliver to the Wife, the sum of $9,000.00 cash, lawful money of the United States of America upon the execution of this agreement.

"* * * * *

" 9. The Husband agrees to pay to the Wife as and for her support and maintenance, the sum of $200.00 per month until the date of her death or re-marriage, whichever is the first to occur. (Excerpts from Property Settlement Agreement dated June 18, 1965.)

"* * * * *

"14. * * * It is agreed that in the event either of the parties shall request the Court for a decree of divorce or separate maintenance, as a part of any decree rendered therein, the party obtaining said decree shall request the court to approve, ratify and confirm the terms of this agreement. It is agreed that in any suit for divorce or separate maintenance instituted by either of the parties hereto that neither of the parties shall apply to the Court for the payment of any sums whatsoever, and will not apply to the Court for a division of the parties' marital and property rights, except as herein provided; it being the intention of the parties that this agreement shall constitute a full and complete settlement and division of the parties' marital and property rights.

"* * * * *."

is no order in the decree directing compliance with the terms of the property settlement 'the rights of the parties rest upon the contract and not upon the decree, and are contractual and not decreed rights and obligations.' * * *." 193 Or at 381.

■ There is no evidence in the record whether any of the pleadings in the divorce proceeding included the terms of the property settlement or whether a copy of the agreement was in the court files in that proceeding. While the decree makes reference to the agreement, it does not set forth, or direct compliance with, any of the terms. We conclude, therefore, that the property settlement agreement was not part of the decree for dissolution.

2. *The payments required by the provision in question were in the nature of spousal support.*

In *Prime v. Prime,* 172 Or 34, 54, 55, 139 P2d 550 (1943), the court noted the necessity to determine whether a provision in the property settlement agreement that the husband was to pay the wife $35 per month until the death or remarriage of the wife was in the nature of spousal support or whether it was intended as an annuity in lieu of an immediate lump sum payment in exchange for relinquishment of a property right. The court held that there was no evidence in the contract or otherwise that the parties intended the payment to be an annuity and found the payment to be in the nature of spousal support terminating at the death of the husband. 172 Or at 55.

In *Garnett v. Garnett,* 270 Or 102, 107, 526 P2d 549 (1974), the court held that provisions in a property settlement agreement which required the husband to furnish and maintain the wife's automobile, pay the utilities and maintenance costs of the house and pay the difference between what the wife actually earned per month and a fixed sum were in the nature of spousal support where the evidence showed that the agreement was entered into with the supposition, subsequently found to be erroneous, that the wife

[1051]

was diabetic and might not be able to earn a stable income in the future.

■ We conclude the $200 per month payments here are in the nature of spousal support. The agreement seeks by its terms to dispose of both the marital and property rights of the parties. The provision in question indicates that the payment is for the "support and maintenance" of the wife; both are terms used by the statute in effect at the time the contract was entered into which authorizes the court to provide for spousal support in a decree. *See* former ORS 107.100(1)(c) (1965). The property holdings of the parties are allocated in other sections of the agreement. A separate provision provides for a $9,000 lump sum payment to the wife. There is no evidence here that the $200 per month payments were intended by the parties as an annuity in return for which the wife relinquished some property right. It appears, therefore, that the payment fulfills the same function as would an award of spousal support.

3. *The obligation to make the $200 per month payment terminated at the death of the husband.*

■ The remaining question, which appears to be one of first impression in this state, is whether payments in the nature of spousal support in a property settlement agreement which is not incorporated into a dissolution decree terminate at the death of the obligor. The majority rule appears to be that the parties are free to provide by contract that such payments shall not terminate at the death of the obligor and shall be assertable as a claim against the estate. Annotation, 147 ALR 708 (1943). The contract in this case does not directly address the question.[2]

---

[2] The implications in the present contract arguably point both ways. On the one hand, the provision calling for monthly payments seems to state absolutely that they terminate at the death or remarriage of the wife. A contrary implication comes from the requirement that the terms of the agreement shall be made part of the dissolution decree. If it had been incorporated, the payments would terminate at the death of the husband. Under the rule we set forth, a clear intent must appear that payments are to continue beyond the death of the obligor. We need not consider the implied intent of the parties.

[1052]

■■ We conclude that the soundest rule to be followed here is to hold that the obligation to make payments in the nature of spousal support terminates at the death of the obligor unless a contrary intention clearly appears in the contract. Such a rule harmonizes the treatment of such payments in property and marital right settlement contracts with the rules applicable to dissolution decrees while preserving the freedom of the parties to make their own agreements on the subject. Such agreements arise out of the same relationships and involve the same marital rights as are normally dealt with in dissolution proceedings. We believe this rule comports with the normal expectations of the parties in such situations. In many instances, such payments might deplete an estate entirely, to the detriment of the deceased's surviving dependents. *See Streight v. Streight,* 226 Or 386, 390-91, 360 P2d 304 (1961) (holding that the obligation of divorced parent to support minor children continues after death would have effect of creating mandatory inheritance right in children of divorced couples not enjoyed by children of married couples). We find no persuasive reason for treating the two situations differently.

Affirmed.