Argued and submitted July 1, affirmed October 2, reconsideration denied
November 20, 1991, petition for review denied January 21, 1992 (312 Or 588)

Shirley A. HENDRICKS,
*Appellant,*

*v.*

Norma J. HENDRICKS,
Personal Representative of
the Estate of Thomas A. Hendricks, Deceased,
*Respondent.*

(CC89-70; CA A67155)

817 P2d 1339

Ferris F. Boothe, Portland, argued the cause and filed the briefs for appellant.

Bradley V. Timmons, The Dalles, argued the cause for respondent. On the brief were James M. Habberstad and Dick, Dick & Habberstad, The Dalles.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., retired.

## RICHARDSON, P. J.

Plaintiff, from whom decedent (Hendricks) was divorced, brought this declaratory judgment action against the personal representative of his estate, contending that the estate is obligated to continue making spousal support payments to her pursuant to a property settlement agreement that was incorporated into the dissolution judgment. The relevant provision of the agreement states that Hendricks "shall pay to [plaintiff] for the support of [plaintiff] the sum of $300.00 per month, as herein provided, to continue for the term of [plaintiff's] life."[1] The issue is whether that obligation survives Hendricks' death. Plaintiff appeals from the summary judgment for defendant, and we affirm.

In *Dement v. Dement,* 47 Or App 1047, 615 P2d 1136 (1980), we addressed essentially the same issue under a property settlement agreement between the plaintiff and her former husband that required him to pay her $200 monthly "as and for her support and maintenance * * * until the date of her death or re-marriage, whichever is the first to occur." The former husband predeceased the plaintiff, who had not remarried. She brought an action for specific performance against the estate. In affirming the trial court's judgment for the estate, we first noted:

> "The implications in the present contract arguably point both ways. On the one hand, the provision calling for monthly payments seems to state absolutely that they terminate at the death or remarriage of the wife. A contrary implication comes from the requirement that the terms of the agreement shall be made part of the dissolution decree. If it had been incorporated, the payments would terminate at the death of the husband. Under the rule we set forth, a clear intent must appear that payments are to continue beyond the death of the obligor. We need not consider the implied intent of the parties." 47 Or App at 1052, n 2.

We concluded

> "that the soundest rule to be followed here is to hold that the obligation to make payments in the nature of spousal support terminates at the death of the obligor unless a contrary

---

[1] The support obligation was made terminable on events that have not occurred.

intention clearly appears in the contract. Such a rule harmonizes the treatment of such payments in property and marital right settlement contracts with the rules applicable to dissolution decrees while preserving the freedom of the parties to make their own agreements on the subject. Such agreements arise out of the same relationships and involve the same marital rights as are normally dealt with in dissolution proceedings. We believe this rule comports with the normal expectations of the parties in such situations." 47 Or App at 1053.

Substantially similar reasoning and the same conclusion have appeared in *Prime v. Prime,* 172 Or 34, 139 P2d 550 (1943), and other Oregon appellate cases decided after it. The clear rule of *Prime* and *Dement* is that language of the kind in the agreement between plaintiff and Hendricks does not extend a spousal support obligation beyond the obligor's death. In the light of that Oregon rule, the putatively contrary cases from other jurisdictions on which plaintiff relies have no precedential weight or persuasive force.

Plaintiff argues that the holdings in *Prime* and *Dement* violate various provisions of the federal and state constitutions. The arguments wrongly presuppose that those decisions are an expression of state or judicial policy, rather than turning, as they do, on the interpretation of the agreements and on the presumptive intent of the parties to follow analogous provisions in the dissolution statutes. Plaintiff's constitutional rights are in no way abridged by her own agreement or by the judicial interpretation of it.

In a memorandum of additional authorities, plaintiff admonishes that *"Prime v. Prime, supra,* is a dreadful case to be cited as Oregon's leading case on the subject of the effect of the death of the obligor on his obligation to pay spousal support." She says that the decision is "sexist" and that we should hold that *Prime* "is an embarrassment to the State of Oregon." We cannot respond to plaintiff's invitation to overrule the Supreme Court's decision and, insofar as she impliedly invites us also to overrule *Dement v. Dement, supra,* we decline.

Affirmed.